IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KANDICE NEALS, individually and on behalf of all others similarly situated, | ) ) ) | |
| *Plaintiff,* | ) ) | Case No. 19-cv-5660 |
| v. | ) ) | |
| PAR TECHNOLOGY CORP., a Delaware corporation, | ) ) ) | |
| *Defendant.* | ) ) ) | |

**DEFENDANT PAR TECHNOLOGY CORPORATION'S NOTICE OF REMOVAL**

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant PAR Technology Corporation ("PAR" or "Defendant") through its undersigned counsel, NIXON PEABODY LLP, hereby gives notice of the removal of this civil action ("Notice") from the Circuit Court of Cook County, Illinois, to the United States District Court for the Northern District of Illinois, Eastern Division. As explained below, this action is subject to the Court's jurisdiction under 28 U.S.C. § 1332(a) because diversity exists and the amount put in controversy by Plaintiff Kandice Neals ("Neals" or "Plaintiff") exceeds $75,000.

Overview of the Claims Asserted and Relief Sought

1.       Plaintiff, Kandice Neals, filed a class-action complaint pursuant to the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS §14/1, *et seq.*, alleging that PAR failed to make the required disclosures and obtain Plaintiff's consent before "collecting" and "storing" her biometric identifier. (Complaint, ¶¶ 5, 19, 30, 45–50). A copy of the complaint, summons, and all other process served on PAR is attached hereto as **Exhibit A.**

1

2. More specifically, Plaintiff alleges that her employer "Charley's [sic] Philly Steaks required Neals to scan her fingerprint" using "PAR's POS system" each time she began and ended her workday. (Complaint, ¶¶ 28-29). As a result, Neals contends that PAR—a non-resident, third-party supplier of Point-of-Sale software and terminals—"subsequently collected and stored [her] biometric identifier into its database," Complaint, ¶ 28, and therefore violates BIPA because:

    a. PAR allegedly had not "provided" Plaintiff with a publicly available policy identifying its retention schedule and guidelines for permanently destroying fingerprints when the initial purpose for collecting or obtaining fingerprints is no longer relevant; and

    b. PAR allegedly collected and stored Plaintiff's biometric data without: (i) informing Plaintiff that her biometric identifier or information was being collected and stored, (ii) informing Plaintiff in writing of the specific purpose and length of term for which her biometric identifier or information was being collected and stored, and (iii) obtaining a written release from Plaintiff before it collected and stored her biometric identifier or information. (Complaint, ¶¶ 47-50).

3. Under BIPA, a plaintiff may sue a private entity for statutory violations in state court or as a supplemental claim in federal court. 740 ILCS § 14/20. The Act authorizes a prevailing party to recover liquidated damages of $1,000 per negligent violation and $5,000 per intentional violation, including reasonable attorney fees and other costs associated with litigation. *Id.* BIPA also permits claimants to obtain injunctive relief. *Id.*

4. According to the Complaint, Plaintiff seeks numerous forms of relief. Relevant for purposes of this Notice, Plaintiff seeks "liquidated damages of $5,000 for *each* willful and/or reckless violation of BIPA pursuant to 740 ILCS 14/20(2) or, in the alternative, $1,000 for *each* negligent

violation of BIPA pursuant to 740 ILCS 14/20(1)." (Complaint, ¶ 52 and Prayer for Relief ¶ C) (emphasis added).

Basis for Subject-Matter Jurisdiction

5. 28 U.S.C. § 1332(a) grants the United States District Courts with original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000 [and] . . . is between citizens of different states . . . ."

6. Removal is proper under 28 U.S.C. §§ 1332 and 1441 in the instant matter because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.

**The Requirement Of Complete Diversity Is Met:**

7. As stated in Plaintiff's Complaint, PAR Technology Corporation is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located at 8383 Seneca Turnpike, New Hartford, New York 13413, (Complaint, ¶ 8). Therefore, Defendant PAR Technology Corporation is a citizen of New York. *See* 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010) (a corporation's "principal place of business" under § 1332(c)(1) is its "nerve center," that is, "the place where the corporation maintains its headquarters . . . .").

8. Plaintiff is a "natural person and citizen of the State of Illinois." (Complaint, ¶ 7).

9. Therefore, diversity of citizenship exists between the parties.

**The "Matter In Controversy" Exceeds $75,000:**

10. Pursuant to 28 U.S.C. § 1446, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Oper. Co. v. Owens*, 574 U.S. 81, 135 S. Ct. 547, 554 (2014). PAR, therefore, "[does] not need to prove to a legal certainty that the amount in controversy has been met." *Id.* Rather, PAR

must only show facts that suggest the jurisdictional amount in controversy has been satisfied. *See Oshana v. Coca-Cola Co.*, 472 F.3d 506, 510–11 (7th Cir. 2006) ("a good-faith estimate of the stakes is acceptable if it is plausible and supported by a preponderance of the evidence").

11. Plaintiff alleges in her Complaint that she started working for Charleys Philly Steaks in May 2018, at which time she began using "PAR's POS system" to scan her fingerprint. (Complaint, ¶ 27–28). Plaintiff further alleges that she was subsequently required by Charleys Philly Steaks to scan her fingerprint "[e]ach time [she] began and ended her workday." (Complaint, ¶ 29). It is thus plausible for purposes of removal, and based on Plaintiff's allegations, that she seeks to hold PAR liable for violations associated with each alleged scan of her fingerprint—namely, at least two times a day per workday. Under that theory, and considering that she seeks statutory liquidated damages of either $1,000 or $5,000 for *each* violation of BIPA, (Complaint, ¶ 52 and Prayer for Relief ¶ C (emphasis in original)), her alleged damages would exceed $75,000 after only thirty-eight workdays for each claim of negligent violation and after only eight workdays for each claim of intentional violation.[1]

12. Moreover, Neals and her counsel seek statutory attorneys' fees and expenses. (*Id.*) These fees and expenses also count toward the jurisdictional amount.

13. Therefore, the amount in controversy threshold under 28 U.S.C. § 1332(a) is met.

## Procedure for Removal

14. PAR was served with process on July 24, 2019. PAR is filing this notice within thirty days from the date that service of the Complaint was made. Therefore, this Notice is timely.

---

[1] PAR's assertion that Plaintiff's damages exceed $75,000 is based on the Complaint's allegations and offered only for purposes of this Notice. PAR does not admit Plaintiff's allegations or concede that this is a proper measure of damages under BIPA.

4

15. PAR is filing notice of the removal of this action with the Circuit Court of Cook County in accordance with 28 U.S.C. § 1446(d).

16. PAR submits this Notice of Removal without waiving any defenses to the claims asserted by Plaintiff and without conceding either the Complaint's allegations or that Plaintiff pled claims upon which relief can be granted.

WHEREFORE, Defendant PAR Technology Corporation respectfully requests that Plaintiff's claims be removed to federal court pursuant to 28 U.S.C. § 1441.

Dated: August 22, 2019

By: /s/ Richard H. Tilghman
Attorney for PAR Technology Corp.

John T. Ruskusky
jtruskusky@nixonpeabody.com
Richard H. Tilghman
rhtilghman@nixonpeabody.com
Henry J. Caldwell
hcaldwell@nixonpeabody.com
Nixon Peabody LLP
70 W. Madison Street, Suite 3500
Chicago, IL 60602-4283
(312) 977-4400

## CERTIFICATE OF SERVICE

The undersigned, an attorney, states that he caused the foregoing **Notice of Removal** to be served upon the counsel of record below via electronic transmission on August 22, 2019.

| | |
|---|---|
| Benjamin H. Richman | David Fish |
| brichman@edelson.com | dfish@fishlawfirm.com |
| J. Eli Wade-Scott | John Kunze |
| ewadescott@edelson.com | kunze@fishlawfirm.com |
| **EDELSON PC** | **THE FISH LAW FIRM, P.C.** |
| 350 N. LaSalle Street, 14th Floor | 200 East Fifth Avenue, Suite 123 |
| Chicago, IL 60654 | Naperville, IL 60653 |

/s/ Richard H. Tilghman
Richard H. Tilghman

# EXHIBIT A