### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

KANDICE NEALS, individually and on behalf
of all others similarly situated,

        *Plaintiff,*

    v.

PARTECH, INC., a Delaware corporation,

        *Defendant.*

Case No.: 19-cv-05660

Honorable Ronald A. Guzman

Magistrate Judge M. David Weisman

### JOINT STATUS REPORT

Pursuant to the Court's May 27, 2020 and July 27, 2020 Minute Orders (dkts. 49, 59),

Plaintiff Kandice Neals ("Plaintiff") and Defendant ParTech, Inc. ("Defendant") (together, the

"Parties") submit the following Joint Status Report.

**1.**     **Whether all necessary parties have been named and served**.

Service on the Parties is complete at this time.

**2.**     **The basis for federal jurisdiction, including, without limitation, the determination of membership and citizenship for business entities where diversity forms the basis of jurisdiction.**

Plaintiff originally filed this case in state court, and Defendant removed it to this Court.

(*See* Dkt. 1). The basis for federal jurisdiction is diversity jurisdiction under 28 U.S.C. § 1332(a).

Plaintiff is a citizen of Illinois, Defendant is a citizen of Delaware and New York, and the

amount in controversy exceeds $75,000. (*Id.*)

**Defendant's Position**: Defendant is reviewing Plaintiff's Amended Complaint and will

confer with Plaintiff's counsel to determine if Plaintiff's claim under section 15(a) of the

Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1 *et seq.*, meets the necessary

requirements for federal court standing based on the Seventh Circuit's recent decision in *Bryant*

1

*v. Compass Group USA, Inc.*, 958 F.3d 617 (7th Cir. 2020), *as amended on denial of reh'g and reh'g en banc* (June 30, 2020). Plaintiff originally took the position that her section 15(a) claim should be severed. Plaintiff subsequently took the position that her section 15(a) should proceed in this Court. Defendant is reviewing other research relating to this topic, and as noted below, will file a motion to address this issue and Plaintiff's position if needed on or before August 14, 2020.

**Plaintiff's Position**: Plaintiff has not changed positions on how to address the question of standing in this Court. Under the pre-amended version of *Bryant*, it appeared she lacked standing, which would require remand; the June 30th amendment to *Bryant* suggests that she does have standing. Plaintiff's position, as it has always been, is that if Defendant is unable to carry its burden of proving Plaintiff's standing, the only path forward is to sever the section 15(a) claims and remand them. *Bergquist v. Mann Bracken, LLP*, 592 F.3d 816, 819 (7th Cir. 2010).

Defendant, as the removing party, bears the burden of establishing Plaintiff's standing in this court. *Collier v. SP Plus Corp.*, 889 F.3d 894, 896 (7th Cir. 2018). As Plaintiff has repeatedly advised since the *Bryant* amendment, it is her view that she has standing to proceed in this Court, but it is not Plaintiff's burden to bear because she did not remove the case, and Defendant's repeatedly raising this concern (but not addressing it) is perplexing at best. In any event, if she doesn't have standing for her section 15(a) claims, those claims should be severed and remanded back to state court. *Id.* at 897; *Bergquist*, 592 F.3d at 819. The question of standing need not serve as an obstacle to expedient resolution of the case.

3.    **The general nature of the claims and any counterclaims, and the major contested legal and factual issues.**

The case involves the following claim: Plaintiff alleges that Defendant ParTech, Inc. collected her fingerprints and/or information based on her fingerprints through a biometric point-

of-sale ("POS") system. The complaint alleges that Defendants did not comply with the

requirements of BIPA before collecting her biometric data.[1] Plaintiff alleges that Defendant

violated BIPA by failing to (1) properly inform Plaintiff in writing of its biometric collection and

of the specific purpose and length of time for which Plaintiff's biometric data was being

collected, stored, and used, as required by BIPA, 740 ILCS 14/15(b)(1)–(2); (2) provide a

publicly available retention schedule and guidelines for permanently destroying the biometric

data it possessed, as required by BIPA, 740 ILCS 14/15(a); and (3) receive a written release to

collect, capture, or otherwise obtain Plaintiff's biometric data, as required by BIPA, 740 ILCS

14/15(b)(3). Plaintiff alleges that Defendant committed the same violations against a class of

Illinois residents.

Defendant denies these claims and has filed an Answer and Affirmative Defenses.

The major legal and factual issues include: (1) whether the fingerprint information used

by Defendant's biometric POS system to identify a person when they scan their fingerprint

constitutes "biometric identifiers" or "biometric information" as defined by BIPA, 740 ILCS

14/10; (2) whether Defendant collected, captured, stored, used, or otherwise obtained biometric

data through its customers use of its biometric POS systems; (3) whether Defendant properly

informed Plaintiff and the putative class of its purposes for collecting, using, and storing their

biometric data; (4) whether Defendant obtained a written release (as defined in 740 ILCS 14/10)

to collect, use, and store Plaintiff's and the putative class's biometric data; (5) whether

Defendant developed a written policy, made available to the public, establishing a retention

---

[1]     Plaintiff asserts that the data allegedly collected by Defendant is either "biometric identifiers" or "biometric information" within the meaning of the BIPA—or perhaps both—depending on how her fingerprints were collected and stored. *See* 740 ILCS 14/10. Plaintiff refers to both types of data together as "biometric data" here. Defendant denies Plaintiff's assertion.

schedule and guidelines for permanently destroying biometric data when the initial purpose for

collecting or obtaining such data has been satisfied or within three years of their last interaction,

whichever occurs first; (6) whether Defendant complies with any such written policy (if one

exists).

Defendant disputes Plaintiff's description of its POS systems and activities and further

disputes that certain of the topics above are appropriate for discovery based on the allegations in

the First Amended Complaint. In addition, Defendant will seek discovery on topics related to

the claims and defenses in this litigation including, but not limited to: (1) all documents and

communications containing, reflecting, relating, or referring to Plaintiff's use of PAR systems

between May 1, 2018 and the present including documents and communications relating to her

employer; (2) all documents and communications to or from Plaintiff and referring or relating to

Defendant (which has never employed Plaintiff), this litigation, or Plaintiff's biometric

information between May 1, 2018 and the present; and (3) the factual basis of any claim by

Plaintiff that Defendant acted negligently or caused her harm.

4.      **The nature of any responsive pleadings or motions that have been filed or are anticipated.**

Plaintiff believes Defendant's written discovery responses and production are deficient in

several respects, and the Parties are currently trying to work through those deficiencies. (*See* Dkt.

56.) If the Parties are unable to resolve these issues, Plaintiff will file a motion to compel by the

August 14, 2020 deadline to file discovery motions (dkt. 59). If such a motion is filed, Defendant

will respond in writing.

As noted above, Defendant is reviewing Plaintiff's Amended Complaint and will confer

with Plaintiff's counsel to determine if Plaintiff's claim under section 15(a) of BIPA meets the

necessary requirements for federal court standing based on the Seventh Circuit's recent decision

in *Bryant v. Compass Group USA, Inc.*, 958 F.3d 617 (7th Cir. 2020), *as amended on denial of reh'g and reh'g en banc*. If a motion is necessary, Defendant will file such motion on or before August 14, 2020. If such a motion is filed, Plaintiff will respond in writing.

Plaintiff's position on this issue is as stated above, *supra* Section 2.

**5.      The relief sought by plaintiff, the amount in controversy, elements of damages, and whether there is insurance coverage.**

**Plaintiff's Position**: Plaintiff, on behalf of herself and the putative class, seeks: (1) a declaratory judgment that Defendant violated BIPA; (2) statutory damages of $5,000 for each willful and/or reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or, in the alternative, $1,000 for each negligent violation of BIPA pursuant to 740 ILCS 14/20(1); (3) injunctive and equitable relief as is necessary to protect the interests of Plaintiff and the putative class, by requiring Defendant to comply with BIPA's requirements; (4) reasonable attorneys' fees, costs, and expenses pursuant to 740 ILCS 14/20(3); (5) pre- and post-judgment interest, and (6) any other relief that the Court deems reasonable and just.

The exact amount in controversy is currently unknown to Plaintiff because she does not know the size of the class. Defendant has not provided class size information to Plaintiff in response to her written discovery requests nor has it identified any third parties that may possess or control such information.

**Defendant's Position**: Defendant denies that Plaintiff, or any proposed putative class, is entitled to any damages or award. Defendant further disputes Plaintiff's contention in paragraph 2 of this section which also will be addressed as part of the meet and confer process.

Defendant's insurance carriers have denied that there is insurance coverage relating to the claims made by Plaintiff in the Amended Complaint.

**6.** **The possibility of settlement.**

The Parties have not engaged in settlement discussions. The Parties are open to discussing potential resolution.

**7.** **The nature, scope and scheduling of discovery, particularly discovery that is necessary to engage in meaningful settlement negotiations and so should be given priority.**

The fact discovery deadline is December 11, 2020. The Court has not yet set any expert discovery deadlines.

<u>Plaintiff's Position</u>: Plaintiff is seeking discovery on the following topics: (1) Defendant's alleged collection and retention of biometric data; (2) the manner in which Defendant allegedly collected that data; (3) the finger-scanning functionality (both hardware and software) of Defendant's biometric POS systems; (4) Defendant's alleged disclosure of biometric data to third parties, if any; (5) the time period and the people affected by Defendant's alleged collection and retention of biometric data; (6) contracts and communications between Defendant and third parties (such as Defendant's customers) to provide technology to collect and/or store alleged biometric data; (7) Defendant's policies and procedures related to Defendant's alleged usage and storage of biometric data; (8) the factual basis of Defendant's assertion that it complied with BIPA's requirements or is not subject to them; (9) Defendant's alleged maintenance of biometric data; (10) the measures taken, if any, to protect alleged biometric data and whether any unauthorized disclosure has occurred; and (11) communications between Defendant's agents or employees concerning the alleged possession or collection of biometric data, and compliance with BIPA.

Plaintiff and Defendant served their first sets of interrogatories and requests for production to each other on March 4, 2020 and March 5, 2020, respectively. Plaintiff served her

responses and document production to Defendant on April 8, 2020. Defendant served its

responses and objections to Plaintiff's requests on June 19, 2020, and produced documents on

June 26, 2020. Plaintiff subpoenaed Cross Match Technologies, Inc.—the manufacturer of the

finger scanning hardware at issue—on July 28, 2020. Defendant has issued no subpoenas. As

mentioned above, Plaintiff believes Defendant's discovery responses and production are

deficient in numerous respects, and the Parties are currently working to resolve those issues. One

such issue—the answer to which Plaintiff believes is necessary for the Parties to engage in

meaningful settlement negotiations—is that Plaintiff does not know the size of the putative class

(or who, specifically, controls such information).

Once the Parties' current discovery dispute is resolved and Plaintiff obtains sufficient

documents and information, Plaintiff plans to depose a Rule 30(b)(6) representative of

Defendant, a 30(b)(6) representative of PAR Technology Corp., other employees and/or agents

of Defendant as may be necessary, and any experts that Defendant identifies.

**Defendant's Position**: Defendant continues to seek discovery on topics related to the

claims and defenses in this litigation including, but not limited to: (1) all documents and

communications containing, reflecting, relating, or referring to Plaintiff's use of PAR systems

between May 1, 2018 and the present; (2) all documents and communications to or from Plaintiff

and referring or relating to Defendant, this litigation, or Plaintiff's biometric information

between May 1, 2018 and the present; and (3) the factual basis of any claim by Plaintiff that

Defendant acted negligently or caused her harm.

Defendant plans to depose Plaintiff, Kandice Neals, as well as certain other witnesses

disclosed over the course of fact discovery, and any experts that Plaintiff identifies.  Based on the

limited documentation and information produced by Plaintiff thus far, Defendant also may issue

non-party subpoenas for documents and information.

**8.      The probable length of any trial.**

The Parties currently expect trial to take approximately 3 to 5 days.

Respectfully submitted,

**KANDICE NEALS**, individually and on behalf of
all others similarly situated,

Date: July 28, 2020                    By:  /s/  Schuyler Ufkes
                                            *One of Plaintiff's Attorneys*

Benjamin H. Richman
brichman@edelson.com
J. Eli Wade-Scott
ewadescott@edelson.com
Schuyler Ufkes
sufkes@edelson.com
EDELSON PC
350 North LaSalle Street, 14th Floor
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

David Fish
dfish@fishlawfirm.com
John Kunze
kunze@fishlawfirm.com
THE FISH LAW FIRM, P.C.
200 East Fifth Avenue, Suite 123
Naperville, Illinois 60563
Tel: 630.355.7590
Fax: 630.778.0400

**PARTECH, INC.**

Date: July 28, 2020                    By:  /s/  John T. Ruskusky (with authorization)
                                            *One of Defendant's Attorneys*

8

John T. Ruskusky
jtruskusky@nixonpeabody.com
Richard H. Tilghman
rhtilghman@nixonpeabody.com
Henry J. Caldwell
hcaldwell@nixonpeabody.com
NIXON PEABODY LLP
70 West Madison Street, Suite 3500
Chicago, Illinois 60602
Telephone: 312-977-4400