# Exhibit 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| KANDICE NEALS, individually and on behalf of all others similarly situated, | Case No.: 19-cv-05660 |
| | Honorable Ronald A. Guzman |
| *Plaintiff,* | |
| v. | |
| PARTECH, INC., a Delaware corporation, | |
| *Defendant.* | |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES
## TO DEFENDANT PARTECH, INC.

Plaintiff Kandice Neals, pursuant to Federal Rule of Civil Procedure 33, hereby requests that Defendant ParTech, Inc. answer the following Interrogatories under oath within thirty (30) days of service hereof.

### *I. Definitions*

1. "Biometric Data" means or refers to a Person's fingerprint, finger scan, a scan of any portion of the fingertip, a measurement of the fingertip ridges, the spatial relationship between fingertip ridges, or any information derived from the foregoing. This shall include, but is not limited to, a mathematical representation or encrypted representation of a Person's fingerprint, finger scan, a scan of any portion of the fingertip, a measurement of the fingertip ridges, and the spatial relationship between the fingerprint ridges.

2. "Biometric Function" means or refers to the method by which the Biometric Timeclocks identify or verify the identity of employees using Biometric Data.

3.     "Biometric Timeclock" means or refers to a digital device or data collection terminal that collects, captures, receives, or otherwise uses Biometric Data and that can track employee time, attendance, or labor, and which is sold, leased, or otherwise provided by You.

4.     "BIPA" means or refers to the Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.*

5.     "Complaint" means or refers to Plaintiff's First Amended Class Action Complaint and Demand for Jury Trial filed in the United States District Court for the Northern District of Illinois, Eastern Division on January 15, 2020.

6.     "Defendant" means or refers to Defendant ParTech, Inc.

7.     "Describe," when used in relation to any process, policy, act, agreement, object or event, means explain the process, policy, act, agreement, object, or event in complete and reasonable detail, stating the time, date, and location, Identifying all Persons participating or present, and Identifying all Documents relating thereto.

8.     "Describe," when used in any other context other than the foregoing, means to explain in complete and reasonable detail.

9.     "Document" means or refers to any communications, writing, memoranda, notes of conferences or telephone conversations, reports, studies, notices, lists, and other data or data compilations—Including ESI—stored in any medium from which information can be obtained.

10.     "Electronically Stored Information" or "ESI" as used herein, means or refers to computer generated information or data, of any kind, stored on computers, file servers, disks, tapes or other devices or media, or otherwise evidenced by recording on some storage media, whether real, virtual, or cloud-based.

11. "Identify," when used with respect to a natural Person, means to state the Person's full name, present or last known business affiliation and position with any of the parties herein, and job title.

12. "Identify," when used with respect to a product, means to provide the product's trade name, model number, firmware version, and software version.

13. "Identify," when used with respect to Documents, means: to state the date(s) prepared, drafted, or generated; to state the author(s); to state the intended and actual recipient(s); to state the type of Document (*e.g.*, "letter," "Terms of Service" or "email"); and to Identify its last known custodian or location.

14. "Identify," when used in reference to an event, transaction, or occurrence, means: to Describe the act in complete and reasonable detail; to state the time, date, and location; to Identify all Persons participating or present; and to Identify all Documents relating thereto.

15. "Including" means "Including, but not limited to"; "Includes" means "Includes, but not limited to."

16. "Person" means or refers to any natural person, corporation, partnership, association, organization, joint venture, or other entity of any type or nature.

17. "Plaintiff" means or refers to the named Plaintiff in this litigation, Kandice Neals.

18. "Proposed Class Member" means or refers to any Person, Including the Plaintiff, who falls under the definition of the proposed Class as set forth in Paragraph 35 of the Complaint.

19. "Related To" or "Relating To" means to consist of, concern, discuss, evidence, mention, regard, refer to, reflect, rely upon, use, or reference the matter described.

20.     "Relevant Time Period" means or refers to the time period from March 21, 2014 to the present. Unless otherwise indicated, all Interrogatories shall be for the Relevant Time Period.

21.     "You," "Your," or "PAR" means or refers to ParTech, Inc., its parents, subsidiaries, successors, predecessors, and any entity in which it or its parents have a controlling interest, and its current and former employees, officers, directors, and all Persons acting or purporting to act on behalf of any of them.

## *II. Instructions*

22.     The Person answering an Interrogatory should have knowledge to answer said Interrogatory. If another Person has superior knowledge of the information requested in a specific Interrogatory, that other Person should answer that Interrogatory and be so designated. If such Person is unavailable, that Person should be fully Identified and the nature and scope of their knowledge and the reasons that such Person's knowledge is or is believed to be superior should be explained fully.

23.     In responding to these Interrogatories, furnish all information which is available to You and any information known by You, in Your possession, or appearing in Your records.

24.     These are intended as continuing Interrogatories, having within them a duty to timely supplement Your answers up until and throughout the course of trial. Information sought by these Interrogatories that You obtain or Identify after You serve Your answers hereto must be disclosed to Plaintiff by supplementary answers.

25.     It is intended by this set of Interrogatories to elicit information not merely within Your knowledge, but obtainable by You or on Your behalf.

26.     If You object or otherwise refuse to answer any portion of any Interrogatory, You shall (1) state the nature and basis of the objection or reason for such refusal to permit the Court to rule on the validity of the objection; and (2) answer all portions of such Interrogatory that are not claimed to be objectionable.

27.     If You object to answering all or any part of any Interrogatory on the grounds of privilege or work product, Identify the privileged Document(s) or communication(s), and with respect to each such privileged Document or Communication state:

      a.    the date appearing on such Document, or if no date appears, the date on which such Document or ESI was prepared;

      b.    the name of each Person to whom such Document or ESI was addressed;

      c.    the name of each Person, other than the addressee(s) Identified in subparagraph (b) above, to whom such Document, ESI, or copy thereof was sent, or with whom such Document or ESI was discussed;

      d.    the name of each Person who signed such Document or ESI; if not signed, the name of each Person who prepared it;

      e.    the name of each Person making any contribution to the authorship of such Document or ESI;

      f.    the date such Document or ESI was received or discussed by each Person Identified in subparagraphs (b) or (c) above;

      g.    the general nature or description of such Document or ESI and, where applicable, its number of pages;

      h.    the name of each Person who currently has custody of such Document or ESI; and

      i.    the specific ground(s) upon which the privilege or work product rests.

28.     "And" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring any information within the scope of an Interrogatory which might otherwise be construed to be outside of the scope.

29.     The singular form of a word shall be interpreted as plural and the plural form of a word shall be interpreted as singular, whichever makes the Interrogatory most broad.

30.     As used herein, the present tense shall also include the past tense.

31.     For any term used herein, which is not otherwise specifically defined, the common and usual meaning of such term is intended. Any ambiguity in these Interrogatories shall be resolved so as to construe these Interrogatories as broadly as possible. Defined terms need not be capitalized to retain their defined meaning.

### III.  Interrogatories

## INTERROGATORY NO. 1

Identify all Persons that answered or assisted in answering these Interrogatories. For each Person identified, state the Person's position or title, their job duties or responsibilities, the length of time of each such Person's employment, and Identify the answers or responses that each such Person assisted in answering.

**ANSWER:**


## INTERROGATORY NO. 2

Identify and Describe every different model of Biometric Timeclock that You have sold, leased, or otherwise provided to any Person that does business in the State of Illinois, Including but not limited to each Biometric Timeclock(s)' name, model, number, firmware version, and software version, ability to collect, capture, read, process, or use Biometric Data, data storage

capabilities, and electronic communications capability, and Identify any Documents describing each Biometric Timeclock(s).

**ANSWER:**


## INTERROGATORY NO. 3

For each of the Biometric Timeclocks Identified in INTERROGATORY NO. 2, Describe the Biometric Function, Including but not limited to describing how Biometric Data is captured, used, processed, or stored by those Biometric Timeclocks.

**ANSWER:**


## INTERROGATORY NO. 4

For each of the Biometric Timeclocks Identified in INTERROGATORY NO. 2, Describe the manner in which each Biometric Timeclock transmits information to You, Including what information is transmitted and whether and when Biometric Data is transmitted to You.

**ANSWER:**


## INTERROGATORY NO. 5

For each Biometric Timeclock Identified in INTERROGATORY NO. 2, Identify and Describe any agreements You have with all Persons other than You who make, create, design, or manufacture the Biometric Timeclocks, the equipment or portion thereof that scans fingerprints, or the equipment or portion thereof that performs the Timeclock's Biometric Function, Including any agreements regarding the lease or sale of the Biometric Timeclocks, the equipment, or any portion thereof.

**ANSWER:**


## INTERROGATORY NO. 6

Identify and Describe any agreements You have with any Person that does business in the State of Illinois to provide payroll, timekeeping, or other employee management services, Including any agreements regarding the lease, sale, or provision of the Biometric Timeclocks Identified in INTERROGATORY NO. 2, the maintenance of Biometric Timeclocks, the capture, collection, processing, use, or storage of Biometric Data, or other services Related To employee record keeping.

**ANSWER:**


## INTERROGATORY NO. 7

Identify and Describe any Biometric Data of Plaintiff or the Proposed Class Members that You have at any point captured, collected, processed, stored, or used as a result of any Person's use of the Biometric Timeclocks identified in Interrogatory No. 2.

**ANSWER:**


## INTERROGATORY NO. 8

Identify and Describe any Person to whom you have transmitted Plaintiff's or the Proposed Class Members' Biometric Data and the manner in which You transmitted that Biometric Data.

**ANSWER:**

**INTERROGATORY NO. 9**

     For each Person you Identified in Interrogatory No. 8, Describe the relationship and any agreements You have with that Person, Including any agreements regarding the sale, disclosure, or transmission of Biometric Data.

     **ANSWER:**

**INTERROGATORY NO. 10**

     Describe the manner in which You informed Plaintiff and the Proposed Class Members in writing that You were going to capture, collect, or otherwise obtain their Biometric Data and the specific purpose and length of time for which their Biometric Data were collected, stored, or used.

     **ANSWER**:

**INTERROGATORY NO. 11**

     Describe the manner in which You received a written release from Plaintiff and the Proposed Class Members to collect, capture, or otherwise obtain their Biometric Data.

     **ANSWER**:

**INTERROGATORY NO. 12**

     Identify Your publicly available retention schedules and guidelines (if any) for permanently destroying Plaintiff's and the Proposed Class Members' Biometric Data.

     **ANSWER**:

**INTERROGATORY NO. 13**

Identify and Describe any security guidelines, protocols, policies, procedures, or retention schedules You implement to ensure compliance with BIPA.

**ANSWER**:


**INTERROGATORY NO. 14**

State the total number of Proposed Class Members.

**ANSWER**:


**INTERROGATORY NO. 15**

State the total number of Proposed Class Members who executed a written release allowing You to collect, capture, purchase, receive through trade, or otherwise obtain their Biometric Data.

**ANSWER**:


**INTERROGATORY NO. 16**

Identify any insurance policies, contracts, or other written understandings under which any Person other than You (Including insurers and business partners) may be liable to satisfy all or part of any judgment that may be entered in this case, or to indemnify or reimburse You for payments made by You to satisfy any such judgment.

**ANSWER**:

**KANDICE NEALS**, individually and on behalf of all others similarly situated,

Date: March 4, 2020

By: <u>J. Eli Wade-Scott</u>
    *One of Plaintiffs' Attorneys*

Benjamin H. Richman
brichman@edelson.com
J. Eli Wade-Scott
ewadescott@edelson.com
Schuyler Ufkes
sufkes@edelson.com
EDELSON PC
350 North LaSalle Street, 14th Floor
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

David Fish
dfish@fishlawfirm.com
John Kunze
kunze@fishlawfirm.com
THE FISH LAW FIRM, P.C.
200 East Fifth Avenue, Suite 123
Naperville, Illinois 60563
Tel: 630.355.7590
Fax: 630.778.0400

## CERTIFICATE OF SERVICE

I, J. Eli Wade-Scott, an attorney, hereby certify that on March 4, 2020, I caused the above and foregoing ***Plaintiff's First Set of Requests for Production of Documents to Defendant ParTech, Inc.*** by causing true and accurate copies of such paper to be transmitted to counsel of record via electronic mail:

John T. Ruskusky
Richard H. Tilghman
Henry J. Caldwell
NIXON PEABODY LLP
70 W. Madison Street, Suite 3500
Chicago, IL 60602
Telephone: 312-977-4400
jtruskusky@nixonpeabody.com
rhtilghman@nixonpeabody.com
hcaldwell@nixonpeabody.com

/s/ J. Eli Wade-Scott