# Exhibit 2

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |
|---|---|
| KANDICE NEALS, individually and on behalf of all others similarly situated, | Case No.: 19-cv-05660 |
| *Plaintiff,* | Honorable Ronald A. Guzman |
| v. |  |
| PARTECH, INC., a Delaware corporation, |  |
| *Defendant.* |  |

**PLAINTIFF'S FIRST SET OF REQUESTS FOR THE
PRODUCTION OF DOCUMENTS TO DEFENDANT PARTECH, INC.**

Plaintiff Kandice Neals, pursuant to Federal Rule of Civil Procedure 34, hereby requests that Defendant ParTech, Inc. produce the following documents for inspection and copying at the offices of Edelson PC, 350 North LaSalle Street, 14th Floor, Chicago, Illinois 60654 within thirty (30) days of service hereof.

### *I. Definitions*

1.     "Biometric Data" means or refers to a Person's fingerprint, finger scan, a scan of any portion of the fingertip, a measurement of the fingertip ridges, the spatial relationship between fingertip ridges, or any information derived from the foregoing. This shall include, but is not limited to, a mathematical representation or encrypted representation of a Person's fingerprint, finger scan, a scan of any portion of the fingertip, a measurement of the fingertip ridges, and the spatial relationship between the fingertip ridges.

2.     "Biometric Function" means or refers to the method by which the Biometric Timeclocks identify or verify the identity of employees using Biometric Data.

1

3.     "Biometric Timeclock" means or refers to a digital device or data collection terminal that collects, captures, receives, or otherwise uses Biometric Data and that can track employee time, attendance, or labor, and which is sold, leased, or otherwise provided by You.

4.     "BIPA" means or refers to the Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.*

5.     "Communication" or "Communicated" means or refers to the transmission of information, facts, or ideas, Including any correspondence, discussion, conversation, inquiry, negotiation, agreement, understanding, meeting, telephone conversation, letter, note, memorandum, analog or digital recording, voicemail, e-mail message, telegram, computer file, computer disk, text (SMS) message, advertisement, or other form of exchange of words, whether oral or written. This Includes non-duplicate drafts, versions not sent, and copies that differ only in margin notes or annotations, or other correspondence sent or received by You to or from any entity, Including files maintained or exchanged internally within Your business or between Your employees.

6.     "Complaint" means or refers to Plaintiff's First Amended Class Action Complaint and Demand for Jury Trial filed in the United States District Court for the Northern District of Illinois, Eastern Division on January 15, 2020.

7.     "Defendant" means or refers to Defendant ParTech, Inc.

8.     "Describe," when used in relation to any process, policy, act, agreement, object, or event, means explain the process, policy, act, agreement, object, or event in complete and reasonable detail, stating the time, date, and location, Identifying all Persons participating or present, and Identifying all Documents relating thereto.

9. "Describe," when used in any context other than the foregoing, means to explain in complete and reasonable detail.

10. "Document" means or refers to any Communications, writing, memoranda, notes of conferences or telephone conversations, reports, studies, notices, lists, and other data or data compilations—Including ESI—stored in any medium from which information can be obtained.

11. "Electronically Stored Information" or "ESI" as used herein, means or refers to computer generated information or data, of any kind, stored on computers, file servers, disks, tapes, or other devices or media, or otherwise evidenced by recording on some storage media, whether real, virtual, or cloud-based.

12. "Identify," when used with respect to a natural Person, means to state the Person's full name, present or last known business affiliation and position with any of the parties herein, and job title.

13. "Identify," when used with respect to a product, means to provide its trade name, model number, firmware version, and software version.

14. "Identify," when used with respect to Documents, means: to state the date(s) prepared, drafted, or generated; to state the author(s); to state the intended and actual recipient(s), to state the type of Document (*e.g.*, "letter," "Terms of Service" or "email"); and to Identify its last known custodian or location.

15. "Identify," when used in reference to an event, transaction, or occurrence, means: to Describe the act in complete and reasonable detail; to state the time, date, and location; to Identify all Persons participating or present; and to Identify all Documents relating thereto.

16. "Including" means "Including, but not limited to"; "Includes" means "Includes, but not limited to."

17. "Metadata" means or refers to data about data, Including information embedded in a native file or other data that is not ordinarily viewable or printable from the application that generated, edited, or modified such native file which Describes the characteristics, origins, usage, and validity of the electronic file as well as information generated automatically by the operation of a computer or other information technology system when a native file is created, modified, transmitted, deleted, or otherwise manipulated by a user of such system.

18. "Native Data Format" means or refers to the format of ESI, whether structured or unstructured, in which it was generated and as used by the producing party in the usual course of its business and in its regularly conducted activities.

19. "Person" means or refers to any natural person, corporation, partnership, association, organization, joint venture, or other entity of any type or nature.

20. "Plaintiff" means or refers to the named Plaintiff in this litigation, Kandice Neals.

21. "Plaintiff's Employer" means or refers to Charley's [*sic*] Philly Steaks restaurant, located in Schaumburg, Illinois.

22. "Proposed Class Member" means or refers to any Person, Including the Plaintiff, who falls under the definition of the proposed Class as set forth in Paragraph 35 of the Complaint.

23. "Related To" or "Relating To" means to consist of, concern, discuss, evidence, mention, regard, refer to, reflect, rely upon, use, or reference the matter described.

24. "Relevant Time Period" means or refers to the time period from March 21, 2014 to the present. Unless otherwise indicated, all Requests for Production shall be for the Relevant Time Period.

25.     "You," "Your," or "PAR" means or refers to ParTech, Inc., its parents, subsidiaries, successors, predecessors, and any entity in which it or its parents have a controlling interest, and its current and former employees, officers, directors, and all Persons acting or purporting to act on behalf of any of them.

## II. Instructions

26.     The Person responding to a Request should have knowledge to respond to said questions. If another Person has superior knowledge on certain questions, that other Person should respond to that Request and be so designated. If such Person is unavailable, that Person should be fully Identified and the nature and scope of their knowledge and the reasons that such Person's knowledge is or is believed to be superior should be explained fully.

27.     In responding to these Requests, furnish all information which is available to You and any information known by You, in Your possession, or appearing in Your records.

28.     These are intended as continuing Requests, having with them a duty to timely supplement Your responses up until and throughout the course of trial. Information sought by these Requests that You obtain or Identify after You serve Your responses hereto must be disclosed to Plaintiff by supplementary responses.

29.     It is intended by this set of Requests to elicit information not merely within Your knowledge or possession, but obtainable by You or on Your behalf.

30.     You may not claim lack of information or knowledge as grounds for failing to respond to any Request or as grounds for giving an incomplete or partial response to any Request without exercising due diligence to secure the full information needed to do so. Where You rely on or respond based on information provided to You from any other Person, fully Identify that Person and how You obtained the information from them.

31.     If You cannot respond to a Request in full after exercising due diligence to secure the full information needed to do so, so state and respond to the extent possible, specifying Your inability to respond to the remainder, stating whatever information or knowledge You have concerning the portion to which You did not respond, and detailing Your attempts to secure the unknown information.

32.     If any Request is objected to on the basis that the time period covered by the request is irrelevant, burdensome, or otherwise inappropriate, state what time period You consider proper for that Request and respond to the Request for that time period, preserving Your objection to the remainder of the time period.

33.     If You choose to provide in in electronic media or machine-readable form (such as computer disk, cartridge, tape, punch cards, or other non-printed media) any responses, Documents, or other materials in Your response, You must provide all information and things necessary for Plaintiff or for her agent to fully access, read, and decode into plain English text all data and files so provided.

34.     All Documents, ESI, file systems, and digital media are to be produced in their respective Native Data Format with all associated Metadata intact and, if such electronic Documents or ESI are no longer available in their Native Data Formats for any reason, please Identify the reasons such Native Data Format Documents are no longer so available and the dates each such Document became unavailable.

35.     Upon producing any Document requested herein, indicate which of the numbered Requests the Document is being produced in response to. You may do so by referencing Document numbers (*i.e.*, Bates stamp numbers).

36.    All Documents are to be produced in the form, order, and manner in which they are maintained in Your files. Documents are to be produced in the folders, cartons, or containers in which they have been maintained, stored, clipped, stapled, or otherwise arranged; in the same form and manner in which they were found; and in such a manner that the office and location from which they were produced is readily identifiable. Whenever a Document or group of Documents is/are taken out of a file folder, file drawer, file box, or notebook, before the same is/are produced, attach thereto a copy of the label on the file folder, file drawer, file box, or notebook from which the Document or group of Documents was removed.

37.    If any Document requested has been lost or destroyed since its creation, Identify the nature of the Document (*e.g.*, letter, email, etc.), the date of the Document, the Persons who sent and received the original and any copy of the Document, and a summary of the content of the Document, Describe when, where, how, and by whom said Document was lost or destroyed, and state the name of the Person(s) who last had custody thereof.

38.    If, in responding to these Requests, You encounter any ambiguity in construing either the Request or any instruction relevant to the Request, You should nonetheless respond to the Request to the extent possible and Describe the matter deemed ambiguous.

39.    If You object to producing all or any part of Documents sought by a Request on the ground of privilege or work product, Identify the privileged Document(s) or Communication(s), and with respect to each such privileged Document or Communication state:

      a.    the date appearing on such Document, or if no date appears, the date on which such Document or ESI was prepared;

      b.    the name of each Person to whom such Document or ESI was addressed;

    c.     the name of each Person, other than the addressee(s) Identified in subparagraph (b) above, to whom such Document, ESI, or copy thereof was sent, or with whom such Document or ESI was discussed;

    d.     the name of each Person who signed such Document or ESI; if not signed, the name of each Person who prepared it;

    e.     the name of each Person making any contribution to the authorship of such Document or ESI;

    f.     the date such Document or ESI was received or discussed by each Person Identified in subparagraphs (b) or (c) above;

    g.     the general nature or description of such Document or ESI and, where applicable, its number of pages;

    h.     the name of each Person who currently has custody of such Document or ESI; and

    i.     the specific ground(s) upon which the privilege or work product rests.

40.     "And" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring any information within the scope of a Request which might otherwise be construed to be outside of the scope.

41.     The singular form of a word shall be interpreted as plural and the plural form of a word shall be interpreted as singular, whichever makes the Request most broad.

42.     As used herein, the present tense shall also include the past tense.

43.     Attachments: e-mail attachments and embedded files must be mapped to their parent by the Document or production number. If attachments and embedded files are combined with their parent Documents, then "BeginAttach" and "EndAttach" fields listing the unique beginning and end number for each attachment or embedded Document must be included.

44.     Bates Numbering: each page of a produced Document, or media upon which ESI in Native Data Format is produced, shall have a legible, unique page identifier ("Bates Number")

electronically "burned" onto or associated with the media or image in such a manner that information from the source Document is not obliterated, concealed, or interfered with. There shall be no other legend or stamp placed on the Document image unless a Document qualifies for confidential treatment pursuant to the terms of a protective order in this litigation, or has been redacted in accordance with applicable law or Court order. To the extent native files are produced, the producing party must name the native file with the applicable Bates number(s).

45.     Color: if an original Document contains color, the producing party may produce black and white image(s) for each such Document. The parties agree that color copies of Documents will be produced on an as-needed basis when specified by a party, upon a showing of good cause, and only when the color original is readily accessible. The requesting party will provide a specific Bates range for Documents it wishes to be produced in color.

46.     Duplicates: to the extent that exact duplicate ESI Documents (based on MD5 or SHA-1 hash values) reside within a party's data set, each party is only required to produce a single copy of a responsive Document. This de-duping should be done only on exact duplicate Documents. Only Documents where the main Documents and the attachments are exactly the same will be considered exact duplicates. ESI with differing file names but identical hash values shall not be considered exact duplicates. Exact duplicate shall mean bit-for-bit identically with both Documents' content and any associated Metadata. Where any such Documents have attachments, hash values must be identical for both the Document and the attachments. You must also produce a spreadsheet Identifying additional custodians who have or had a copy of the produced Document.

47.     File Naming Conventions: where production of .tiff images rather than Native Data Format ESI is requested or agreed to, each Document image file produced shall be named

9

with the unique Bates number of the first page of the Document, followed by the extension ".tif"

or ".tiff." To the extent separate text files are provided, text files should be named the same as

the first .tiff image of the Document.

48. Metadata must be provided in connection with ESI requested, Including file,

application, and system Metadata. The following list identifies the Metadata fields You are

requested to produce (to the extent available):

- Document number or production number (Including the Document start and Document end numbers). This should use the standard Bates number in accordance with those used in previous productions;
- BeginAttach;
- EndAttach;
- Title/Subject;
- Sent/date and time (for emails only);
- Last modified date and time, created date and time (for ESI);
- Received date and time (for e-mails only);
- Author;
- Recipients;
- cc:;
- bcc:;
- Source (custodian);
- Hash value;
- File path;
- Media (type of media that the Document was stored on when it was collected);
- Page count;
- Original file name;
- Doc extension;
- Full text;
- Accessed date and time; and
- Last print date.

49. Production of Paper Documents: paper-based original Documents (*i.e.*,

Documents which were not first generated by a computer, such as hand written memoranda)

shall be produced in hard copy manner.

50. Structured Data: structured data, such as relevant database information, must be

produced in Native Data Format, together with any associated database schema necessary to

render such data reasonably viewable and usable.

51.     For any term used herein, which is not otherwise specifically defined, the common and usual meaning of such term is intended. Any ambiguity in these Requests shall be resolved so as to construe these Requests as broadly as possible. Defined terms need not be capitalized terms to retain their defined meaning.

### III.  Requests for Production

## REQUEST FOR PRODUCTION NO. 1

All Documents and ESI referenced or relied upon in drafting Your answers to Plaintiff's First Set of Interrogatories to Defendant ParTech, Inc.

**RESPONSE**:


## REQUEST FOR PRODUCTION NO. 2

A list of employers to whom You have sold, leased, or otherwise provided Biometric Timeclocks for use in Illinois.

**RESPONSE:**


## REQUEST FOR PRODUCTION NO. 3

Documents sufficient to Identify any agreement between You and any other Person for the manufacture, creation, production, or design of Biometric Timeclocks, or equipment or portion thereof that scans a fingerprint or performs a Biometric Function.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 4**

Documents sufficient to Identify any agreement between You and Plaintiff's Employer, Including but not limited to contracts or written agreements that You contend govern Your relationship with Plaintiff's Employer.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 5**

Documents sufficient to Identify any agreement between You and any other Person in Illinois for the sale, lease, or other provision of Biometric Timeclocks, Including but not limited to contracts or written agreements that You contend govern Your relationship with any other Person who buys, leases, or receives Biometric Timeclocks from You.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 6**

For the model of Biometric Timeclocks that You sold, leased, or otherwise provided to Plaintiff's Employer, all Documents that Describe the Biometric Function.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 7**

For all Biometric Timeclocks that You Identified in response to Interrogatory No. 2, all Documents that Describe the Biometric Function of those Biometric Timeclocks.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 8**

Documents sufficient to Identify the methods by which You capture, collect, process, use, possess, or store Plaintiff's and the Proposed Class Members' Biometric Data.

**RESPONSE**:

**REQUEST FOR PRODUCTION NO. 9**

All Documents (including Communications) provided, sent, or published to Plaintiff's Employer Related To the Biometric Timeclocks that use the word "fingerprint."

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 10**

All Documents (including Communications) Related To the Biometric Timeclocks Identified in Your response to Interrogatory No. 2 that use the word "fingerprint."

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 11**

All instructions, user manuals, schematics, technical manuals, service manuals, pamphlets, brochures, and sales materials Related To the Biometric Timeclocks that You Identified in Your Answer to Interrogatory No. 2.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 12**

Documents sufficient to Identify the manner in which Plaintiff's Employer has used any Biometric Timeclocks sold, leased, or otherwise provided by You, Including the specific features and capabilities Plaintiff's Employer has utilized.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 13**

Documents sufficient to Identify the manner in which all employers listed in Response to REQUEST FOR PRODUCTION NO. 2 has used any Biometric Timeclocks sold, leased, or otherwise provided by You, Including the specific features and capabilities such Persons have utilized.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 14**

A copy of any and all versions of software running during the Relevant Time Period on Biometric Timeclocks sold, leased, or otherwise provided by You to Plaintiff's Employer.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 15**

A copy of any and all versions of software running during the Relevant Time Period on Biometric Timeclocks sold, leased, or otherwise provided by You to any Person listed in response to REQUEST FOR PRODUCTION NO. 2.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 16**

The source code and software design Documents of any and all versions of software running during the Relevant Time Period on Biometric Timeclocks sold, leased, or otherwise provided by You to Plaintiff's Employer. If it is possible to produce only the source code or software design Documents of (1) the Biometric Function and (2) the source code and software that govern where Biometric Data is sent and stored, You may produce that source code and those software design Documents only in response to this Request for Production.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 17**

The source code and software design Documents of any and all versions of software running during the Relevant Time Period on the Biometric Timeclocks identified in response to Interrogatory No. 2. If it is possible to produce only the source code or software design Documents of (1) the Biometric Function and (2) the source code and software that govern where Biometric Data is sent and stored, You may produce that source code and those software design Documents only in response to this Request for Production.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 18**

Documents sufficient to Identify any agreement between You and Plaintiff's Employer for the storage of Biometric Data.

**RESPONSE:**

15

**REQUEST FOR PRODUCTION NO. 19**

Documents sufficient to Identify any agreement between You and any other Person for the storage of Biometric Data.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 20**

Documents sufficient to Identify any agreement between You and any third Party for the sale, transmission, or disclosure of Plaintiff's and the Proposed Class Members' Biometric Data.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 21**

Documents sufficient to Identify all Biometric Data received by You from Plaintiff and the Proposed Class Members, Including automatic transmissions to You from Biometric Timeclocks.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 22**

Documents sufficient to Identify each circumstance in which You collected, captured, or obtained Plaintiff's Biometric Data.

**RESPONSE**:

16

**REQUEST FOR PRODUCTION NO. 23**

Documents sufficient to Identify each circumstance in which You collected, captured, or obtained the Proposed Class Members' Biometric Data.

**RESPONSE**:


**REQUEST FOR PRODUCTION NO. 24**

Documents sufficient to Identify Your uses of Plaintiff's and the Proposed Class Members' Biometric Data.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 25**

A list of Persons to whom You have sold, transmitted, or disclosed Plaintiff's and the Proposed Class Members' Biometric Data.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 26**

Documents sufficient to Identify the manner in which You informed (if at all) Plaintiffs and the Proposed Class Members in writing that You were going to capture, collect, or otherwise obtain their Biometric Data.

**RESPONSE**:

**REQUEST FOR PRODUCTION NO. 27**

Documents sufficient to Identify the security policies under which You operate that protect or intend to protect the Biometric Data of Plaintiff and the Proposed Class Members from being breached, disclosed to any Person other than You, or otherwise accessed by any Person other than You.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 28**

Your publicly available retention schedules and guidelines (if any) for permanently destroying or deleting Plaintiffs' and the Proposed Class Members' Biometric Data.

**RESPONSE**:

**REQUEST FOR PRODUCTION NO. 29**

Any written release executed by Plaintiff authorizing You to collect, store, or use her Biometric Data.

**RESPONSE**:

**REQUEST FOR PRODUCTION NO. 30**

Any written release executed by the Proposed Class Members authorizing You to collect, store, or use their Biometric Data.

**RESPONSE**:

**REQUEST FOR PRODUCTION NO. 31**

Documents sufficient to Identify the total number of Proposed Class Members.

**RESPONSE**:

**REQUEST FOR PRODUCTION NO. 32**

Documents sufficient to Identify (i) all Persons with access to Plaintiffs' and the Proposed Class Members' Biometric Data, and (ii) all policies and procedures (if any) You have in place for controlling who has access to Plaintiff's and the Proposed Class Members' Biometric Data.

**RESPONSE**:

**REQUEST FOR PRODUCTION NO. 33**

Documents sufficient to Identify the specific physical locations of all servers or drives (including all hard disk drives and solid-state drives) which are owned, operated, or leased by You and which contain the Biometric Data of Plaintiff or the Proposed Class Members, and what Person owns the server or drive.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 34**

All Communications between You and Plaintiff's Employer Related To the Biometric Function.

**RESPONSE**:

**REQUEST FOR PRODUCTION NO. 35**

All Communications between You and any employer Identified in response to Request for Production No. 2 Related To the Biometric Function.

**RESPONSE**:


**REQUEST FOR PRODUCTION NO. 36**

Documents sufficient to Identify Your total revenue that resulted, in whole or in part, from the collection, use, exchange, or sale of Plaintiff's and the Proposed Class Members' Biometric Data.

**RESPONSE**:


**REQUEST FOR PRODUCTION NO. 37**

All Documents and Communications Relating To benefits that You have received as a result of the collection, use, exchange, or sale of Plaintiff's and the Proposed Class Members' Biometric Data (including monetary consideration, free services, advertising, and marketing).

**RESPONSE**:


**REQUEST FOR PRODUCTION NO. 38**

All Documents Relating To Your Biometric Data destruction, disposal, and/or preservation policies.

**RESPONSE**:

**REQUEST FOR PRODUCTION NO. 39**

Documents sufficient to Identify any Biometric Data that were deleted, physically destroyed, discarded, damaged, or overwritten, whether pursuant to a Document retention policy or otherwise, since the filing of the Complaint, Including any Documents concerning any allegations contained in the Complaint.

**RESPONSE**:

**REQUEST FOR PRODUCTION NO. 40**

All Documents Relating To any investigations, inquiries, and formal or informal complaints concerning Your collection, storage, or use of Biometric Data.

**RESPONSE**:

**REQUEST FOR PRODUCTION NO. 41**

Any expert reports prepared by You or on Your behalf Relating To any of the matters alleged in the Complaint.

**RESPONSE**:

**REQUEST FOR PRODUCTION NO. 42**

Any and all insurance policies, contracts, or other written understandings under which any Person other than You (Including insurers and business partners) may be liable to satisfy all or part of any judgment that may be entered in this case, or to indemnify or reimburse You for payments made by You to satisfy any such judgment.

**RESPONSE**:

**KANDICE NEALS**, individually and on behalf of all others similarly situated,

Date: March 4, 2020

By: <u>J. Eli Wade-Scott</u>

      *One of Plaintiff's Attorneys*

Benjamin H. Richman
brichman@edelson.com
J. Eli Wade-Scott
ewadescott@edelson.com
Schuyler Ufkes
sufkes@edelson.com
EDELSON PC
350 North LaSalle Street, 14th Floor
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

David Fish
dfish@fishlawfirm.com
John Kunze
kunze@fishlawfirm.com
THE FISH LAW FIRM, P.C.
200 East Fifth Avenue, Suite 123
Naperville, Illinois 60563
Tel: 630.355.7590
Fax: 630.778.0400

**CERTIFICATE OF SERVICE**

I, J. Eli Wade-Scott, an attorney, hereby certify that on March 4, 2020, I caused the above and foregoing ***Plaintiff's First Set of Requests for Production of Documents to Defendant ParTech, Inc.*** by causing true and accurate copies of such paper to be transmitted to counsel of record via electronic mail:

John T. Ruskusky
Richard H. Tilghman
Henry J. Caldwell
NIXON PEABODY LLP
70 W. Madison Street, Suite 3500
Chicago, IL 60602
Telephone: 312-977-4400
jtruskusky@nixonpeabody.com
rhtilghman@nixonpeabody.com
hcaldwell@nixonpeabody.com

/s/ J. Eli Wade-Scott