IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KANDICE NEALS, individually and on behalf of all others similarly situated, | |
| *Plaintiff,* | Case No.: 19-cv-05660 |
| v. | Honorable Franklin U. Valderrama |
| PARTECH, INC., a Delaware corporation, | Magistrate Judge M. David Weisman |
| *Defendant.* | |

OPPOSED MOTION TO STAY PROCEEDINGS FOR 90-DAYS RELATING TO
EXPECTED DECISION BY THE ILLINOIS APPELLATE COURT
ON THE APPLICABLE STATUTE OF LIMITATIONS

Defendant ParTech, Inc. ("ParTech"), by its attorneys, respectfully moves the Court to stay proceedings in this case for 90-days relating to an expected decision by the Illinois Appellate Court on the applicable statute of limitations under the Illinois Biometric Information Privacy Act ("BIPA"). In support of this motion, ParTech states as follows:

1. A short stay is requested and appropriate in this matter for two primary reasons.

2. First, the parties have exchanged settlement outlines and have advanced in their settlement discussions. A short stay will serve judicial economy by allowing the parties to focus on their settlement discussions while other deadlines are stayed for a short time.

3. Second, two districts in the Illinois Appellate Court are currently considering appeals that will determine what statute of limitations period applies to claims filed under the Illinois Biometric Information Privacy Act ("BIPA"). *Tims v. Black Horse Carriers*, No. 1-20-0563 (1st Dist.); *Marion v. Ring Container Techs., LLC*, No. 3-20-0184 (3d Dist.). (*See* Exs. 1 & 2, orders from First and Third District granting petitions for leave to appeal).

1

4. To date, no Illinois Appellate Court has decided what statute of limitations applies to claims under BIPA.

5. One of the issues under consideration in *Tims* and *Marion* is whether the one-year statute of limitations set forth in 735 ILCS 5/13-201—which applies to claims for publication of information violating the right to privacy—covers claims asserted under BIPA. (*See* Exs. 3 & 4, orders certifying questions for appeal to First and Third District Appellate Courts).

6. Resolution of the applicable statute of limitations will have a significant impact on the scope of this case. Even if the one-year statute does not apply, *Marion* also will consider whether the two-year statute of limitations set forth in 735 ILCS 5/13-202 or 5-year statute of limitations set forth in 735 ILCS 5/13-205 applies to BIPA. (*See* Ex. 4). Resolution of this issue will impact the size of class claims in BIPA litigation and other matters including settlement.

7. A district court has inherent power to stay proceedings which is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *See Landis v. North American Co.*, 299 U.S. 248, 255 (1936). Staying proceedings may be appropriate where a litigant in another case may settle the rule of law that applies in the stayed lawsuit, *id.*, which is the exact situation presented here. *See, e.g., Morrison v. YTB Int'l, Inc.*, No. CIV 08-579-GPM, 2010 WL 1931127, at *1 (S.D. Ill. May 13, 2010) (citing authority).

8. Other district courts have granted motions to stay (or continued existing stays) pending rulings in interlocutory appeals in *Tims* and *Marion*. *See Donets v. Vivid Seats, LLC*, No. 20-cv-3551 (N.D. Ill. Dec. 12, 2020) (Valderrama, J.); *Vaughan v. Biomat USA, Inc.*, 20-cv-4241, 2020 WL 6262359 (N.D. Ill. Oct. 23, 2020) (Aspen, J.); *Bell v. SDH Servs. West, LLC, et al.*, 20-cv-3181, ECF No. 22 (N.D. Ill. Aug. 27, 2020) (Ellis, J.). Multiple state trial courts also have entered stays relating to the pending interlocutory appeals. *See Ambrose v. LCS Community Employment LLC,*

2019 CH 9912 (Cir. Ct. Cook Cty. Nov. 2, 2020); *Young, et al. v. Bria Health Services, LLC, et al.*, 19 L 499 (Cir. Ct. St. Clair Cty. Oct. 29, 2020); *Tims v. Black Horse Carriers, Inc.*, 2019 CH 03522 (Cir. Ct. Cook Cty. Oct. 20, 2020); *Townsend v. Estates of Hyde Park, LLC*, 2019 CH 11849 (Cir. Ct. Cook Cty. Oct. 20, 2020); *Sanchez v. Elite Labor*, 2018 CH 02651 (Cir. Ct. Cook Cty. Oct. 14, 2020); *Owens, et al. v. Wendy's Int'l, LLC*, 2018 CH 11423 (Cir. Ct. Cook Cty. Oct. 7, 2020); *Solomon v. Schmolz + Bickenbach USA, Inc., et al.*, 2019 CH 13361 (Cir. Ct. Cook Cty. Oct. 7, 2020); *Young v. Tri City Foods, Inc.*, 2018 CH 13114 (Cir. Ct. Cook Cty. Oct. 7, 2020); *Measaw, et al. v. Heritage Operations Grp., LLC, et al.*, 2019 CH 08321 (Cir. Ct. Cook Cty. Oct 2, 2020); *Christie, et al. v. Carbondale Rehab. & Nursing Ctr., et al.*, 2020 L 40 (Cir. Ct. Jackson Cty. Aug. 31, 2020); *Starks v. Joliet Cold Storage, LLC*, 2019 L 182 (Cir. Ct. Will Cnty. Aug. 19, 2020); *Cline v. Marion Rehab. & Nursing Ctr.*, 2020 L 52 (Cir. Ct. Williamson Cty. Aug. 14, 2020); *Rondinella, et al. v. Palos Hills Healthcare, LLC*, 2020 CH 3357 (Cir. Ct. Cook Cty. July 17, 2020); *Truss v. Four Seasons Heating & Air Conditioning, Inc.*, 2019 CH 09633 (Cir. Ct. Cook Cty. June 11, 2020); *Marion v. Ring Container Techs., LLC*, 2019 L 89 (Cir. Ct. Kankakee Cty. Apr. 20, 2020). The above-referenced federal and state court stay orders are attached collectively hereto as Exhibit 5.

9. In this case, granting a stay is appropriate. A ruling on the statute of limitations will have a material impact on potential liability, settlement and other matters.

10. Clarity on this issue is important to how this case proceeds. Indeed, as the Circuit Courts and Appellate Courts found in certifying the statute of limitations issues for appeal, resolution of this issue will "materially advance the ultimate termination of the litigation." (*See* Exs. 3 & 4). The same conclusion applies here.

11. A stay also will promote judicial economy. A decision on the appropriate statute of limitations also will provide clarity regarding the scope of the class and allow the parties to make a more educated assessment of settlement prospects.

12. Plaintiff will not be prejudiced by a stay. Because the *Tims* and *Marion* appeals are fully briefed or will be fully briefed by the end of January, any stay is likely to be relatively short.

13. Counsel for ParTech inquired with Plaintiff's counsel regarding whether it could file this Motion as unopposed. Plaintiff's counsel indicated via email that Plaintiff opposes the filing of this Motion.

FOR THESE REASONS, and all reasons of record, ParTech, Inc. respectfully moves the Court for a stay of this matter for 90-days to allow time for additional focused settlement discussions and to allow the Illinois Appellate Court to address the applicable statute of limitations in the *Tims v. Black Horse Carriers*, No. 1-20-0563 (1st Dist.) and *Marion v. Ring Container Techs., LLC*, No. 3-20-0184 (3d Dist.) matters, and for any further or additional relief the Court deems appropriate.

Dated: December 28, 2020                    Respectfully submitted,

**ParTech, Inc.**

*/s/ John T. Ruskusky*
One of the Attorneys for Defendant

John T. Ruskusky
jtruskusky@nixonpeabody.com
Richard H. Tilghman
rhtilghman@nixonpeabody.com
Henry J. Caldwell
hcaldwell@nixonpeabody.com
NIXON PEABODY LLP
70 W. Madison Street, Suite 3500
Chicago, IL 60602
(312) 977-4435

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of Defendant's **OPPOSED MOTION TO STAY PROCEEDINGS FOR 90-DAYS RELATING TO EXPECTED DECISION BY THE ILLINOIS APPELLATE COURT ON THE APPLICABLE STATUTE OF LIMITATIONS** was served on counsel of record below on December 28, 2020 via the Court's CM/ECF system and by e-mail.

| | |
|---|---|
| Benjamin H. Richman | David Fish |
| brichman@edelson.com | dfish@fishlawfirm.com |
| J. Eli Wade-Scott | John Kunze |
| ewadescott@edelson.com | kunze@fishlawfirm.com |
| Schuyler Ufkes | THE FISH LAW FIRM, P.C. |
| sufkes@edelson.com | 200 East Fifth Avenue, Suite 123 |
| EDELSON PC | Naperville, Illinois 60563 |
| 350 N. LaSalle Street, 13th Floor | Tel: 630.355.7590 |
| Chicago, Illinois 60654 | Fax: 630.778.0400 |

*/s/ John T. Ruskusky*