# EXHIBIT 5

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

|  |  |
|---|---|
| SAMUEL DONETS, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>  v.<br><br>VIVID SEATS LLC,<br><br>    Defendant. | No. 20-cv-03551<br>Judge Franklin U. Valderrama |

## ORDER

Plaintiff Samuel Donets (Donets), a former employee of Defendant Vivid Seats LLC (Vivid Seats) brings this proposed class action against Vivid Seats for alleged violations of the Illinois Biometric Information Privacy Act (BIPA). R. 24, Am. Compl.[1] Vivid Seats moved to dismiss the amended complaint on three bases: (1) Donets' claim is time-barred by the statute of limitations; (2) Donets' request for damages are barred  by the Exclusivity Provisions in the Illinois Workers' Compensation Act (IWCA); and (3) Donets has failed to sufficiently assert allegations that plausibly establish that Vivid Seats "willfully" or "recklessly" violated BIPA. R. 30, Mot. Dismiss. Simultaneously with its motion to dismiss, Vivid Seats moved to stay the proceedings pending: (1) appeals in two Illinois appellate court cases, (2) a petition for leave to appeal to the Illinois Supreme Court, and (3) an interlocutory appeal before the Seventh Circuit Court of Appeals. R. 32, Mot. Stay. Vivid Seats contends that each pending appeal and petition will inform the Court's analysis regarding the statute of limitations and IWCA's exclusive remedy provisions. *Id.* Donets opposes Vivid Seats' motion to stay. R. 35, Opp. Mot. Stay. For the reasons set forth below, Vivid Seats' motion to stay is granted in part and denied in part.

## Statement

District courts have the inherent power to control their own dockets, including the power to stay proceedings before them. *Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."); *Munson v. Butler*, 776 F. App'x 339, 342 (7th Cir.

---

[1] Citations to the docket are indicated by "R." followed by the docket number and, where necessary, a page or paragraph citation.

2019) ("[A] district court has inherent power to exercise its discretion to stay proceedings to avoid unnecessary litigation of the same issues."). How best to manage the court's docket "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936). In evaluating whether to exercise their discretion to stay proceedings, courts consider "(1) whether a stay will simplify the issues in question and streamline the trial; (2) whether a stay will reduce the burden of litigation on the parties and on the court; and (3) whether a stay will unduly prejudice or tactically disadvantage the non-moving party." *Berkeley\*IEOR v. Teradata Operations, Inc.*, 2019 WL 1077124, at \*5 (N.D. Ill. Mar. 7, 2019).

### Statute of Limitations

Vivid Seats contends that this Court should stay the case pending decisions from the Illinois Appellate Court in *Tims v. Black Horse Carriers*, App. No. 1-20-0563 and *Marion v. Ring Container Techs., LLC*, App. No. 3-20-0184. Both cases will be addressing the currently unsettled question of which statute of limitations period applies to BIPA claims. "Federal courts hearing state law claims under diversity ... apply the forum state's choice of law rules to select the applicable state substantive law." *McCoy v. Iberdrola Renewables, Inc.*, 760 F.3d 674, 684 (7th Cir. 2014). In this case, Donets' claims arise under Illinois law. Am. Compl. ¶ 1. Because the Illinois Supreme Court has not yet decided the applicable statute of limitations for BIPA claims, a decision from the Illinois Appellate Court would likely be binding here.[2] *See Nationwide Agribusiness Ins. Co. v. Dugan*, 810 F.3d 446, 450 (7th Cir. 2015) ("Where the Illinois Supreme Court has not ruled on an issue, decisions of the Illinois Appellate Courts control, unless there are persuasive indications that the Illinois Supreme Court would decide the issue differently."); *see also Vaughan v. Biomat USA, Inc.*, 2020 WL 6262359, at \*2 (N.D. Ill. Oct. 23, 2020) (staying a BIPA case until the Illinois Appellate Court's decision in *Tims*).

Vivid Seats also seeks to stay this case pending the Seventh Circuit's decision on an interlocutory appeal in *In Re: White Castle System, Inc.*, No. 20-8029 (*Cothron v. White Castle Sys., Inc.*, 467 F. Supp. 3d 604 (N.D. Ill.)). The certified question is whether a private entity violates BIPA only when it first collects an individual's biometric information, or whether a violation occurs each time a private entity

---

[2]Of course, it is possible that the Illinois First District Appellate Court's decision in *Tims* will conflict with the Illinois Third District Appellate Court's decision in *Marion*. If that is the case, then this Court must predict how the Illinois Supreme Court would decide the issue. *Allstate Ins. Co. v. Menards, Inc.*, 285 F.3d 630, 636 (7th Cir. 2002).

collects or discloses the biometric data in violation of 740 ILCS 15(b) or 15(d).[3] *Cothron v. White Castle Sys., Inc.*, No. 19-cv-00382, Dkt. 141 (N.D. Ill. Oct. 1, 2020).

As noted above, in support of its Motion to Dismiss, Vivid Seats argues that Donets' claims are time-barred. Mot. Dismiss at 3–9. Vivid Seats therefore contends that a stay would be appropriate because the outcome of the appeals in *Tims* and *Marion* will constitute decisional authority that this Court should consider, which could potentially dispose of the entire case or at the least significantly reduce Donets' and the class' claims in scope and value. Similarly, Vivid Seats correctly states that the Seventh Circuit's decision in *White Castle* will be binding on this Court.

Donets opposes the stay, arguing that "there is no reason to suspect that the Appellate Court in *Tims* or *Marion* would depart from what seems to be an elementary application of an unambiguous statute to the undisputed facts of a case" and hold that BIPA claims are subject to a five (5)-year limitations period. Opp. Mot. Stay at 8. Donets further argues that the certified question on appeal in *White Castle* is unlikely to change the statute of limitations analysis, because the plain language of the statute makes clear that BIPA is violated each and every time an entity collects or discloses an individual's biometric data. *Id.* at 9 (citing *Peatry v. Bimbo Bakeries USA, Inc.*, 393 F. Supp. 3d 766, 769 (N.D. Ill. 2019)).

The Court finds it appropriate to stay this case pending the *Tims* and *Marion* Illinois Appellate Court decisions on the applicable statute of limitations. The *Tims* and *Marion* decisions could control the Court's resolution of the timeliness issue and guide the parties' positions as they proceed with this litigation. *See Nationwide Agribusiness Ins.*, 810 F.3d at 450. And at least two judges in this District have stayed similar cases pending the Illinois Appellate Court's decision in *Tims. See Vaughan*, 2020 WL 6262359, at *2; *Bell v. SDH Servs. W., LLC*, 20-cv-3181, Dkt. 22 (N.D. Ill. Aug. 27, 2020). Both courts reasoned that the benefits of a stay pending a potentially dispositive decision outweighed the potential risks of the delay. In *Bell*, the court held that a stay was appropriate even though a statute of limitations argument was not appropriate for a motion to dismiss because the plaintiff did not include any relevant dates in the complaint. *Bell*, 20-cv-3181, Dkt. 22. Here, as Vivid Seats argues in its motion to dismiss, Donets included dates in his complaint, alleging that he used the time clock at issue "since at least 2015." Mot. Dismiss at 8 (citing Am. Compl. ¶ 27). So Vivid Seats' statute of limitations argument is properly raised on a motion to

---

[3]The full question on appeal is:

> Whether a private entity violates Sections 15(b) or 15(d) of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1 et seq., only when it is alleged to have first collected (§ 15(b)) or to have first disclosed (§ 15(d)) biometric information or biometric identifiers ("biometric data") of an individual without complying with the requirements of those Sections, or whether a violation occurs each time that a private entity allegedly collects (§ 15(b)) or discloses (§ 15(d)) the individual's biometric data without complying with the requirements of the applicable subsection.

dismiss, and the Illinois Appellate Court's decisions in *Tims* and *Marion* could be dispositive.

A stay is also appropriate pending the Seventh Circuit's *White Castle* decision on when an injury occurs under BIPA. Contrary to Donets' argument that BIPA is "unambiguous and dispositive" as to when a violation occurs, as the district court in *White Castle* noted upon certification of the interlocutory appeal, "reasonable minds can and have differed as to the clarity of BIPA's statutory text and the extent to which suppositions about legislative intent should shape courts' application of it." *White Castle Sys., Inc.*, No. 19-cv-00382, Dkt. 141. As Vivid Seats points out, the district court in *White Castle* stayed proceedings pending the Seventh Circuit's interlocutory review, and the Seventh Circuit held that such a stay was "warranted." *White Castle Sys., Inc.*, No. 19-cv-00382, Dkt. 145; *White Castle*, No. 20-8029, Dkt. 9 (7th Cir. Nov. 9, 2020). So too here, the Seventh Circuit's decision may limit or eliminate Donets' and the class' timely claims and a stay is appropriate pending the appeal. Despite Donets' argument that the outcome of *White Castle* will never dispose of the case, Opp. Mot. Stay at 12—if the Seventh Circuit disagrees with the district court, and holds that a violation occurs only when the entity first collects or first discloses an individual's biometric data, it may dispose of Donets' claim if the Illinois Appellate Court were to hold that a one-year statute of limitations applies. Regardless of whether it disposes of the case, the Seventh Circuit's decision will impact the size of the class.

According to Vivid Seats, a stay would conserve the parties' and judicial resources, saving expenditures on potentially costly motion practice and discovery. Donets raises several arguments in opposition to the stay. He contends that a stay would unnecessarily delay the case and will not streamline the litigation. Opp. Mot. Stay at 11–12. He also argues that a stay will allow Vivid Seats to continue "to store and potentially use his biometric data in violation of BIPA." *Id.* at 11. Although the Court is mindful of the harms associated with the retention and potential misuse of sensitive data, a stay will cause minimal, if any, additional harm to Donets in this case, given the limited nature of the stay.[4] Moreover, Donets asserts that Vivid Seats is storing and "potentially" using sensitive data in violation of BIPA. When presented with arguments like these, courts have concluded that stays are still appropriate considering countervailing interests weighing in favor of a stay. *See, e.g., Vaughan*, 2020 WL 6262359, at *3. Donets' concerns do not justify denying Vivid Seats' request for a stay, taking into account the economies to be gained from staying this litigation. *See id.*; *see also Bell*, 20-cv-3181, Dkt. 22; *Treadwell v. Power Sols. Int'l, Inc.*, 18-cv-8212, Dkt. 120 (N.D. Ill. Apr. 1, 2020) (concluding that the plaintiff's

---

[4]This Court understands that both *Tims* and *Marion* are fully briefed. The Seventh Circuit granted the petition for permission to appeal in *White Castle* on November 9, 2020. A briefing schedule has not yet been set.

concerns did not justify denying a request for a stay, "especially when weighed against the time and expense the parties will expend in litigating his claims").

### Illinois Workers Compensation Act

Vivid Seats also requests that the Court stay this case pending the decision of the Illinois Supreme Court on the defendant's petition for leave to appeal in *McDonald v. Symphony Bronzeville Park, LLC*. Mot. Stay ¶ 4, Ex. 4, *McDonald* Pet. The defendant seeks to appeal the Illinois Appellate Court's unanimous holding that the exclusivity provisions of the IWCA do not bar claims brought under BIPA. *McDonald* Pet. at 2. True, as Vivid Seats argues, the answer to that question would directly impact the outcome of Vivid Seats' second basis for dismissal—IWCA preemption. Mot. Stay ¶¶ 4, 6. But, as Donets contends, not only has the Illinois Supreme Court not yet accepted the petition, but also myriad state and federal district courts have held as did Illinois Appellate Court in *McDonald*, that the IWCA does not preempt BIPA claims. Opp. Mot. Stay at 6–7 (collecting cases). Additionally, many state courts, and at least one federal district court, have refused to stay BIPA litigation pending resolution of an appeal of the IWCA preemption issue. *Id.* at 13–14 (collecting cases); *Mintun v. Kenco Logistics Servs. LLC*, 2020 WL 1700328, at *2 (C.D. Ill. Apr. 7, 2020).[5] Without ruling on the question directly, this Court agrees with the court in *Mintun* that it is unlikely that the Illinois Supreme Court would rule that IWCA preempts BIPA. 2020 WL 1700328, at *2.

Moreover, unlike the stay pending the Illinois Appellate Court's decisions on the fully-briefed appeals in *Tims* and *Marion*, and the interlocutory appeal currently pending before the Seventh Circuit, the Illinois Supreme Court has not yet granted the petition for leave to appeal in *McDonald*, and thus, the stay would not be as limited in duration. *Contra Vaughan*, 2020 WL 6262359, at *2 (a stay would be limited and unlikely to prejudice a party where it would be in place pending an appellate decision on a fully briefed case). Therefore, Vivid Seats' Motion to Stay the proceedings pending the Illinois Supreme Court's decision in *McDonald* is denied.

For the foregoing reasons, Vivid Seats' Motion to Stay [32] is granted in part and denied in part. The Court stays this case pending the Illinois Appellate Court's decisions in *Tims v. Black Horse Carriers*, App. No. 1-20-0563 and *Marion v. Ring Container Techs., LLC*, App. No. 3-20-0184 and pending the Seventh Circuit's

---

[5]As *Vivid Seats* points out, at least two other judges in this District granted stays while *McDonald* was pending before the Illinois Appellate Court. *Bell*, 20-cv-3181, Dkt. 22; *Treadwell*, 18-cv-8212, Dkt. 120. Since *Bell* and *Treadwell* were stayed, the Illinois Appellate Court issued its decision in *McDonald*, unanimously holding against IWCA preemption. Both courts have continued the stays since the Illinois Appellate Court issued its decision; however, this Court granted a continuance of the stay in *Treadwell* at the parties' request because they are engaged in settlement negotiations, not because of the pending Illinois Supreme Court decision on the petition for leave to appeal. 18-cv-8212, Dkt. 125, 126.

decision in *In Re: White Castle Sys., Inc.*, No. 20-8029. The parties are to file a status report by February 15, 2021 to update the Court on the status of these cases. Vivid Seats' Motion to Dismiss [30] is denied without prejudice with leave to refile once the stay is lifted.


Date: 12/15/2020

United States District Judge
Franklin U. Valderrama

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|  |  |  |
|---|---|---|
| BRIAN R. VAUGHAN, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 1:20 CV 04241 |
| | ) | Hon. Marvin E. Aspen |
| BIOMAT USA, INC. and TALECRIS PLASMA RESOURCES, INC., | ) ) | |
| | ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION & ORDER**

MARVIN E. ASPEN, District Judge:

Defendants Biomat USA, Inc. and Talecris Plasma Resources, Inc. filed a motion to stay these proceedings, pending the Appellate Court of Illinois, First District's decision in *Tims v. Black Horse Carriers, Inc.*, Case No. 1-20-0563 (1st Dist.). (Dkt. No. 14.) For the reasons set forth below, we grant the motion. The parties are hereby directed to file a status report as soon as the Appellate Court of Illinois, First District ("Illinois Appellate Court") issues its ruling in *Tims*.

**BACKGROUND**

On June 10, 2020, Plaintiff Brian R. Vaughan filed a putative Class Action Complaint (Dkt. No. 1, Ex. A) ("Complaint" or "Cmplt.") against Defendants in the Circuit Court of Cook County, Illinois, alleging that Defendants violated the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1, *et seq.* Plaintiff's theory is that Defendants use finger-scanning devices to track donors without (i) providing a publicly available policy concerning the retention and destruction of biometric information, or (ii) making certain disclosures and obtaining written

releases. (*See* Cmplt. ¶¶ 47, 77–78.) Defendants removed the action to federal court on July 17, 2020, for diversity jurisdiction under 28 U.S.C. § 1332. (Dkt. No. 1.) Defendants then requested and were granted an extension to August 24, 2020, to answer or otherwise plead to the Complaint. (Dkt. No. 11.) On August 24, 2020, Defendants filed the instant motion. (Dkt. No. 14.)

Defendants have not yet filed a responsive pleading, but in their motion to stay, they state that they "intend to move to dismiss Plaintiff's claims, including because they are untimely under the one-year statute of limitations set forth in 735 ILCS 15/13-201." (Dkt. No. 14 at 2.)

## LEGAL STANDARD

The Court "has inherent power to exercise its discretion to stay proceedings to avoid unnecessary litigation of the same issues." *Munson v. Butler*, 776 F. App'x 339, 342 (7th Cir. 2019) (citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)). In evaluating whether to grant a motion to stay, courts consider: "(i) whether a stay will unduly prejudice or tactically disadvantage the non-moving party, (ii) whether a stay will simplify the issues in question and streamline the trial, and (iii) whether a stay will reduce the burden of litigation on the parties and on the court." *Obrzut, et al. v. LVNV Funding, LLC, et al.*, No. 19-cv-01780, 2020 WL 3055958, at *1 (N.D. Ill. June 8, 2020) (internal citations and quotations omitted). "The proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997).

## ANALYSIS

Defendants argue that we should stay this case because the Illinois Appellate Court's ruling in *Tims* will clarify the unsettled legal question of which statute of limitations applies to BIPA claims. (Dkt. No. 14 at 4.) That issue is of significance here because, to the extent that a one-year statute of limitations applies rather than a five-year period, Plaintiff's case may warrant

2

dismissal. (*Id.*) Defendants assert that we will "promote efficiency and preserve resources" by staying these proceedings pending a decision in *Tims*. (*Id.*) We agree.

"Federal courts hearing state law claims under diversity or supplemental jurisdiction apply the forum state's choice of law rules to select the applicable state substantive law." *McCoy v. Iberdrola Renewables, Inc., et al.*, 760 F.3d 674, 684 (7th Cir. 2014). In this case, Plaintiff's claims arise under Illinois law. (Cmplt. ¶¶ 66–93.) The Supreme Court of Illinois has not yet weighed in on the applicable statute of limitations for BIPA claims, so the Illinois Appellate Court's decision in *Tims* would likely be binding here. *See Nationwide Agribusiness Ins. Co. v. Dugan*, 810 F.3d 446, 450 (7th Cir. 2015) ("Where the Illinois Supreme Court has not ruled on an issue, decisions of the Illinois Appellate Courts control, unless there are persuasive indications that the Illinois Supreme Court would decide the issue differently."). And, as noted above, the Illinois Appellate Court's forthcoming decision as to the applicable statute of limitations might be dispositive. It makes little sense for the parties or the court to expend time and resources litigating dispositive issues where appellate guidance is forthcoming. *See Burnett v. Ocwen Loan Servicing,* LLC, No. 17-C-3474, 2017 WL 5171226, at *2 (N.D. Ill. Nov. 8, 2017) (staying litigation where an appellate court decision would "simplify legal issues…and reduce the burden of litigation on the parties and the court"); *see also Treadwell v. Power Solutions Int'l, Inc.*, Case No. 18-CV-8212 (N.D. Ill. April 1, 2020) (granting a stay where an issue presented in the defendant's motion to dismiss was identical to an issue before the Illinois Appellate Court); *Conrad v. Boiron, Inc., et al.*, No. 13-C-7903, 2014 WL 2937021, at *3 (N.D. Ill. June 30, 2014) (staying litigation where a Ninth Circuit Court of Appeals ruling might "provide some guidance regarding the present claims here").

Moreover, it is our understanding that the state of limitations issue has already been, or will soon be, fully briefed before the Illinois Appellate Court. (Dkt. No. 22 at 1–2.) Thus, we anticipate that a stay would be limited; and therefore, would unlikely prejudice a party. *See Conrad*, 2014 WL 2937021, at *3 (observing that a stay would "not unduly prejudice plaintiff" where it would only be in place until the Ninth Circuit issued its decision, and the Ninth Circuit case had already been fully briefed).

Plaintiff raises several arguments in opposition to the stay. First, Plaintiff points out that numerous courts have already rejected Defendants' position that the statute of limitations for BIPA should be one year instead of five years. (Dkt. No 18 at 4–5.) According to Plaintiff, the Illinois Appellate Court is unlikely to change course. (*Id*.) Thus, Plaintiff contends that there is little purpose in delaying this litigation pending the Illinois Appellate Court's ruling. (*Id*.) While it is true that several courts have rejected Defendants' position that a one-year statute of limitations applies to BIPA claims, it is possible that the Illinois Appellate Court might disagree, and that decision, rather than decisions entered by other courts, would likely control here.[1] *See Nationwide Agribusiness*, 810 F.3d at 450. Thus, notwithstanding the circuit court decisions cited by Plaintiff, it would be prudent to postpone further briefing until after the Illinois Appellate Court has issued its decision.

Plaintiff's related argument is that the forthcoming *Tims* decision will not simplify or streamline the issues in the case because it will not address certain other issues in this case. (*See* Dkt. No. 18 at 6–7.) This does not change our conclusion because an appeals court need not provide determinative guidance as to all issues for us to conclude that a stay is appropriate. *See,*

---

[1] At present, there is no reason for us to conclude that the Illinois Supreme Court would disagree with the Illinois Appellate Court's decision, particularly since the Illinois Appellate Court has not yet issued its opinion.

*e.g., Conrad*, 2014 WL 2937021, at *3 (staying litigation where an appellate court ruling would not be dispositive but might still provide guidance as to certain issues).

Plaintiff also argues that Defendants should have filed a responsive pleading before filing the motion to stay. (Dkt. No. 18 at 3–4.)  According to Plaintiffs, "[s]taying the case without a responsive pleading leaves open the potential for perpetual motions to stay." (*Id*.)  We disagree. In their motion to stay, Defendants stated that they intend to dismiss the Complaint on statute of limitations grounds and described their rationale for doing so. (Dkt. No. 14 at 2–4.)  We see little value in asking them to elaborate upon their position in a motion to dismiss, or in asking Plaintiff to respond to such a motion, when the arguments raised by the parties might change in response to the Illinois Appellate Court's anticipated decision in *Tims*.  Furthermore, Defendants have only requested a stay until the Illinois Appellate Court decides *Tims* (Dkt. No. 14 at 4–5); thus, a concern about "perpetual motions to stay" is an unwarranted hypothetical.

Finally, Plaintiff argues that "[t]he risk of damage and prejudice to Plaintiff is too great" because "Defendants are in possession of a huge amount of sensitive data" that "they continue to store and potentially use…in violation of BIPA to this day." (Dkt. No. 18 at 7–8.)  We are mindful of the harms associated with the retention and potential misuse of sensitive data; however, we think that a stay will cause minimal, if any, additional harm to Plaintiff in this case, given the limited nature of the stay.  Moreover, the alleged harms that Plaintiff will suffer if a stay is granted are both vague and speculative.  Plaintiff asserts that Defendants are "potentially" using sensitive data in violation of BIPA and that a stay "*could* result in Defendants' continued violation of BIPA." (Dkt No. 18 at 8) (emphasis added).  When presented with arguments like these, courts have concluded that stays are still appropriate considering countervailing interests

weighing in favor of a stay. *See, e.g., Treadwell*, Case No. 18-CV-8212. We see no reason to depart from that precedent here.

      Plaintiff's concerns do not justify denying Defendants' request for a stay, taking into account the economies to be gained from staying this litigation. *See id.* (concluding that plaintiff's concerns did not justify denying a request for a stay, "especially when weighed against the time and expense the parties will expend in litigating his claims").

**CONCLUSION**

      For the reasons set forth above, we stay these proceedings pending the Illinois Appellate Court's decision in *Tims v. Black Horse Carriers, Inc.*, Case No. 1-20-0563 (1st Dist.). The parties are directed to file a status report as soon as the Illinois Appellate Court for the First Judicial District issues its ruling in *Tims*.

*Marvin E. Aspen*
_____
Honorable Marvin E. Aspen
United States District Judge

Dated: October 23, 2020
      Chicago, Illinois

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

TAMACA BELL,                )
                             )
        Plaintiff,      )
                             )     No. 20 C 3181
v.                        )
                             )     Judge Sara L. Ellis
SDH SERVICES WEST, LLC, a Delaware  )
limited liability company, and SODEXO  )
AMERICA, LLC, a Delaware limited liability  )
company,              )
                           )
        Defendants.    )

## ORDER

The Court grants Defendants' motion to stay [17]. The Court stays this case pending the Illinois Appellate Court's decisions in *McDonald v. Symphony Bronzeville Park, LLC*, App. No. 1-19-2398, and *Tims v. Black Horse Carriers*, App. No. 1-20-0563. The Court orders the parties to file a status report by 11/23/2020 to update the Court on the status of these decisions and sets a status date for 12/1/2020. See Statement.

## STATEMENT

Plaintiff Tamaca Bell filed this putative class action against Defendants SDH Services West, LLC ("SDH") and SDH's parent company, Sodexo America, LLC ("Sodexo"). Bell alleges that SDH used biometric scanning and time-tracking devices and technology to monitor its employees' time on the job, requiring employees to provide biometric scans each time they clocked in and out of work. Bell claims that Defendants violated the Illinois Biometric Information Privacy Act ("BIPA"), 740 Ill. Comp. Stat. 14/1 *et seq.*, through their collection, storage, and use of her biometric information. Defendants have filed a motion to stay proceedings pending the Illinois Appellate Court's rulings on interlocutory appeals in *McDonald v. Symphony Bronzeville Park, LLC*, App. No. 1-19-2398, and *Tims v. Black Horse Carriers*, App. No. 1-20-0563. Defendants argue that a ruling in favor of the defendants in either of these cases would be dispositive of Bell's claims. Bell opposes the motion.

District courts have the inherent power to control their own dockets, including the power to stay proceedings before them. *Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."); *Munson v. Butler*, 776 F. App'x 339, 342 (7th Cir. 2019) ("[A] district court has inherent power to exercise its discretion to stay proceedings to avoid unnecessary litigation of the same issues."). How best to manage the court's docket "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299

U.S. 248, 254–55 (1936). In determining whether to exercise its discretion to stay proceedings, the Court considers "(1) whether a stay will simplify the issues in question and streamline the trial; (2) whether a stay will reduce the burden of litigation on the parties and on the court; and (3) whether a stay will unduly prejudice or tactically disadvantage the non-moving party." *Berkeley*IEOR v. Teradata Operations, Inc.*, No. 17 C 7472, 2019 WL 1077124, at *5 (N.D. Ill. Mar. 7, 2019).

Defendants represent that they plan to file a motion to dismiss Bell's complaint in its entirety but believe that a stay prior to doing so would streamline that motion and potentially dispose of the entire case. As part of their motion to dismiss, Defendants plan to argue that the Illinois Workers' Compensation Act (the "IWCA"), 820 Ill. Comp. Stat 305/1 *et seq.*, preempts Bell's claims and that the statute of limitations bars Bell's claims. The *McDonald* case concerns whether the IWCA's exclusivity provisions bar BIPA claims, while the *Tims* case addresses the limitations period for BIPA claims. The trial courts in both cases rejected Defendants' anticipated arguments. Defendants argue that because the Illinois Appellate Court is poised to decide these issues, the Court should exercise its discretion to stay this proceeding pending the decisions in *McDonald* and *Tims*. According to Defendants, a stay would conserve the parties' and judicial resources, saving expenditures on potentially costly motion practice and discovery. Bell opposes the motion, arguing that "[n]either *McDonald* nor *Tims* [is] likely to reverse the solid consensus among Illinois state and federal courts that the IWCA does not preempt BIPA claims and that BIPA claims are subject to a five-year, not one-year limitations period." Doc. 20 at 2; *id.* at 6, 8 (collecting cases). She also contends that a stay would unnecessarily delay the case and prejudice her and the putative class members' substantive rights under BIPA. Specifically, Bell claims that a stay would prejudice their rights "to know where, how, by whom, and for how long Defendants are using or storing their biometric data." *Id.* at 3. In their reply, Defendants represent that they never collected Bell's or putative class members' fingerprints and have now destroyed any of the disputed data, suggesting that there is no continuing harm to Bell or putative class members that would require injunctive relief. *Cf. Mutnick v. Clearview AI, Inc.*, No. 20 C 512, Doc. 61 at 3 (N.D. Ill. May 19, 2020) (denying stay of BIPA claims where the plaintiff sought injunctive relief on his BIPA claim).

Although a close question, the Court finds it appropriate to stay this case pending the *McDonald* and *Tims* appellate court decisions. Having previously considered the preemption issue, the Court finds it unlikely that the Illinois Appellate Court will conclude that the IWCA preempts BIPA claims. *See Peatry v. Bimbo Bakeries USA, Inc.*, No. 19 C 2942, 2020 WL 919202, at *6 (N.D. Ill. Feb. 26, 2020) (collecting cases and agreeing that the IWCA does not preempt BIPA claims); *see also Cothron v. White Castle Sys., Inc.*, --- F. Supp. 3d ----, 2020 WL 3250706, at *5–6 (N.D. Ill. June 16, 2020) (rejecting IWCA preemption argument and noting that "courts have unanimously rejected it—and for good reason"). And Defendants' anticipated statute of limitations argument is not appropriate for a motion to dismiss in this case because Bell has not included any relevant dates in the complaint. *See United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005) (the statute of limitations is an affirmative defense that the Court can consider on a motion to dismiss only where "the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense, such as when a complaint reveals that an action is untimely under the governing statute of limitations"). Nonetheless, because the Illinois Appellate Court's decisions in *McDonald* and *Tims* could control the Court's resolution of the

2

preemption and timeliness issues and guide the parties' positions as they proceed with the litigation, *see Nationwide Agribusiness Ins. Co. v. Dugan*, 810 F.3d 446, 450 (7th Cir. 2015) ("Where the Illinois Supreme Court has not ruled on an issue, decisions of the Illinois Appellate Courts control, unless there are persuasive indications that the Illinois Supreme Court would decide the issue differently."), a stay has the potential to conserve both the parties' and judicial resources and streamline the issues. If the Illinois Appellate Court rules in favor of Defendants on the preemption issue, that ruling would compel dismissal of Bell's claims. Even if the Illinois Appellate Court agrees with the current consensus that the IWCA does not preempt BIPA claims, such a ruling would narrow the issues Defendants would raise in their anticipated motion to dismiss. And although as discussed a statute of limitations argument is not appropriate for a motion to dismiss in this case, the ruling in *Tims* could streamline discovery and class certification proceedings. In light of these considerations, the Court finds that Bell's concerns of delay do not justify denying the request for a stay. *See Treadwell v. Power Sols. Int'l, Inc.*, No. 18 C 8212, Doc. 120 (N.D. Ill. Apr. 1, 2020) (granting motion to stay pending the *McDonald* appellate court decision). *But see Mintun v. Kenco Logistics Servs. LLC*, No. 19-2348, 2020 WL 1700328, at *2 (C.D. Ill. Apr. 7, 2020) (denying motion to stay pending *McDonald* because "it is unlikely that a state appellate court would rule that the IWCA preempts BIPA," meaning a stay would not streamline the issues or conserve the parties' resources). Therefore, the Court stays this case pending the Illinois Appellate Court decisions in *McDonald* and *Tims*.

Date:  August 27, 2020                                    /s/  Sara L. Ellis_____

# IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

| | | |
|---|---|---|
| Kamilya Ambrose, individually and on behalf of all others similarly situated, | ) ) ) | |
| | ) | Case No.: 2019 CH 09912 |
| *Plaintiff,* | ) ) | |
| | ) | Judge Anna Loftus |
| v. | ) ) | Calendar 15 |
| LCS Community Employment LLC and Carrington Care LLC, | ) ) ) | |
| *Defendants.* | ) ) | |

## ORDER

This cause coming to be heard on Defendants' Joint Motion to Dismiss Plaintiff's Putative Class Action Complaint and to Strike Certain Class Allegations Pursuant to 725 ILCS 5/2-619.1 ("Joint Motion to Dismiss") and Defendants' Amended Joint Motion to Stay Proceedings, the Court being duly advised in the premises, IT IS HEREBY ORDERED that:

1.      Defendants' Amended Joint Motion to Stay Proceedings is granted. This case is stayed in its entirety pending (i) the decision of the Illinois Supreme Court on the petition for leave to appeal in *McDonald v. Symphony Bronzeville*, and (ii) the decision of the First District Appellate Court in the pending *Tims v. Blackhorse* appeal.

2.      All other motions, including Defendants' Joint Motion to Dismiss and Plaintiff's Rule 191(b) Motion are entered and continued generally.

3.      The November 9, 2020 court date is stricken.

4.      This matter is scheduled for status on the stay on December 8, 2020 at 10:00 a.m.



ENTERED:

/s/ *Anna M. Loftus*
Circuit Judge Anna M. Loftus, No. 2102

1

IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL DISTRICT
ST. CLAIR COUNTY, ILLINOIS

| | | |
|---|---|---|
| ALTAMESE YOUNG and REVA BROWN, on behalf of themselves and all other persons similarly situated, known and unknown, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | Case No.: 19L0494 |
| | ) | Judge Heinz Rudolf |
| v. | ) ) | |
| BRIA HEALTH SERVICES, LLC and BELLEVILLE HEALTHCARE & REHABILITATION CENTER, INC., | ) ) ) ) | |
| Defendants. | ) | |

FILED
ST. CLAIR COUNTY

OCT 2 9 2020

*Katelyn a. Clay*
CIRCUIT CLERK

11

## **ORDER GRANTING DEFENDANTS' AMENDED MOTION TO STAY PROCEEDINGS**

This matter, coming before the Court on Defendants' Amended Motion to Stay Proceedings and the Court being fully advised, it is hereby ordered that the Motion is granted. Parties appeared through counsel remotely due to continued Covid-19 concerns. The Court finds that the parties waived any objection to appearing in open court for the hearing.

1.    This matter is currently stayed pending a decision by the Appellate Court for the First Judicial District on the certified question it accepted for review in *Tims v. Black Horse Carriers, Inc.*, a decision by the Appellate Court for the Third Judicial District on the certified question it accepted for review in *Marion v. Ring Container Techs.*, and a decision by the Illinois Supreme Court on the petition for leave to appeal in *McDonald v. Symphony Bronzeville*.

2.    A status is set for July 21, 2021 at 9:00 a.m. via Zoom in courtroom 403.

3.    All other deadlines and hearing dates are hereby stricken.

Entered: _10-29-20_        So Ordered: _____

Circuit Judge Heinz Rudolf

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

JOROME TIMS, individually and on )
Behalf of a class of similarly situated, )
   Plaintiff, )
           )
v.            )   Case No. 2019-CH- 03522
           )
BLACK HORSE CARRIERS INC., )  Calendar 16
   Defendant. )

### AGREED ORDER

   THIS MATTER COING for a case management conference (CMC) and status on the pending appeal, the Court being duly advised by counsel for both Parties,

### IT IS HEREBY ORDERED:

1.  The stay of this matter is continued until further order of court;

2.  Either party shall promptly advise the Court of an opinion issued by the First District Appellate Court in *Tims, et al. v. Black Horse Carriers, Inc.*, No. 1-20-0563.

         ENTERED: **JUDGE DAVID B. ATKINS**

            **OCT 20 2020**

           Circuit **Court-1879**

         ——————————————————
         Hon. David B. Atkins
         Circuit Court of Cook County, Illinois
         County Department, Chancery Division

Prepared By:
**STEPHAN ZOURAS, LLP**
150 N. Riverside Plaza, Suite 2150
Chicago, IL 60606
(312) 233-1550
Firm I.D. No. 43734

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION**

| | | |
|---|---|---|
| DEBRA D. TOWNSEND, individually, | ) | |
| and on behalf of all others similarly | ) | |
| situated, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2019-CH-11849 |
| | ) | |
| v. | ) | Hon. Eve M. Reilly |
| | ) | |
| THE ESTATES OF HYDE PARK, LLC, | ) | |
| | ) | |
| Defendant. | | |

## <u>ORDER</u>

This matter coming to be heard on Status of stay, due notice given and the Court being

fully advised, it is so ordered:

1.    This matter is set for hearing on Plaintiff's Motion to Lift Stay on February 23,

2021 at 10:30 a.m.

ENTERED:

_____

Hon. Eve M. Reilly

Prepared by:
Kenneth D. Walsh
Lewis Brisbois Bisgaard & Smith LLP
550 W. Adams Street, Suite 300
Chicago, Illinois 60661
P: (312) 463-3496
Kenneth.Walsh@lewisbrisbois.com

*Attorneys for Defendant*

Judge Eve M. Reilly
OCT 20 2020
Circuit Court-2122

4838-3397-3199.1

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| LUIS SANCHEZ, individually, and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| ELITE LABOR SERVICES, LTD. d/b/a ELITE STAFFING, INC., VISUAL PAK COMPANY, | ) ) ) |
| Defendants. | ) ) |

Case No. 2018-CH-02651

### [PROPOSED] ORDER

This matter coming to be heard on Plaintiff's Motion to Lift Stay and Defendant Elite Labor

Services, Ltd.'s Motion to Continue Stay, all Parties present and the Court being fully advised, it

is so ordered:

- This matter continues to be stayed pending resolution of *McDonald v. Symphony Bronzeville Park, LLC*, No. 1-19-2398 (1st Dist.) and *Tims v. Black Horse Carriers, Inc.*, No. 20-563;

- The status set for December 4, 2020 at 9:30am is stricken; and

- This matter is set for status on the appellate matters on December 14, 2020 at 9:30am

via Zoom (Meeting ID: 940 2402 4757 Password: 739301).

Prepared by:
Haley R. Jenkins
Stephan Zouras, LLP
100 N. Riverside Plaza, Suite 2150
Chicago, Illinois 60606
312.233.1550
hjenkins@stephanzouras.com
Attorneys for Plaintiff

ENTERED:                    10·14· 20

Hon. Neil H. Cohen



ENTERED
Judge Neil H. Cohen-2021

OCT 1 4 2020

DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL
DEPUTY CLERK

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

MARTINIQUE OWENS and AMELIA
GARCIA, individually and on behalf of all
others similarly situated,

                    *Plaintiffs,*

        *v.*

WENDY'S INTERNATIONAL, LLC, an
Ohio Limited Liability Company,

                    *Defendant.*

Case No: 2018-CH-11423

Calendar 15

## ORDER

    This matter coming before the Court on Defendant Wendy's International, LLC's

("Wendy's") Motion to Stay Discovery and Wendy's Motion to Reconsider, to Supplement Its

Motion to Dismiss, or to Certify for Interlocutory Appeal ("Motion to Reconsider, Supplement and

Certify"), IT IS HEREBY ORDERED:

1.    Wendy's Motion to Stay Discovery based on pending interlocutory appeals is
granted. Discovery is stayed through January 20, 2021.

2.    Briefing on Wendy's Motion to Reconsider, Supplement and Certify is as follows:

- Plaintiffs shall file their Response by November 6, 2020.
- Wendy's shall file its Reply by December 7, 2020.

3.    Wendy's Motion to Reconsider, Supplement and Certify is set for ZOOM hearing
on January 20, 2021, at 10:00 a.m.

ENTERED:

*/s/ Anna M. Loftus*

Judge Anna M. Loftus, No. 2102

Order prepared and agreed to by:

Daniel J. Schneider
dschneider@edelson.com
**Edelson PC**
350 N. LaSalle Street, 14th Floor
Chicago, Illinois 60654
312-561-4106
Attorneys for Plaintiffs

Anne E. Larson
Michael V. Furlong
**Ogletree, Deakins, Nash, Smoak & Stewart, P.C.**
155 North Wacker Drive, Suite 4300
Chicago, Illinois 60606
Telephone: 312.558.1220
anne.larson@ogletree.com
michael.furlong@ogletree.com
Attorneys for Defendant

44412507.3

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

ANTHONY SOLOMON, individually and on )
behalf of all others similarly situated, )
                                      )
            Plaintiff,                )     19 CH 13361
                                      )     Judge Neil H. Cohen
         v.                        )     Calendar 5
                                      )
SCHMOLZ + BICKENBACH USA, INC., and )
ADP, LLC                                      )
                                      )
            Defendants,             )

## ORDER

This matter coming to be heard on status and on Defendant SCHMOLZ +
BICKENBACH, INC.'S Supplemental Motion to Stay Proceedings, due notice having been
given and the Court being fully advised in the premises, IT IS HEREBY ORDERED THAT:

The motion is granted, over Plaintiff's objection, and this matter is set for further status
on December 14, 2020 at 9:30 am. Counsel for the parties shall advise this Court prior to
December 14, 2020, in the event the Illinois Appellate Court rules on *Tims v. Black Horse
Carriers, Inc*. Case No. 1-20-0563 (1st Dist.), and/or with rulings of the Illinois Supreme Court in
*McDonald v. Symphony Bronzeville Park, LLC*, Case No. 1-19-2398 (1st Dist.)

ENTERED:

Dated: __10 · 7 · 20__

Judge: _Neel H. Cohen_

Jeffrey Friedman
Arijana Keserovic
LAW OFFICE OF JEFFREY FRIEDMAN, P.C.
Attorneys for the Plaintiff
225 W. Washington Street, Suite 2200
Chicago, Illinois 60606
(312) 357-1431
Attorney Code: 39580

ENTERED
Judge No. 2021

OCT 08 2020

CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL
DEPUTY

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, CHANCERY DIVISION**

| | |
|---|---|
| **JOE YOUNG, individually and on behalf of all others similarly situated,** | |
| *Plaintiff,* | |
| *v.* | **Case No: 2018-CH-13114** |
| **TRI CITY FOODS, INC., a Delaware corporation,** | **Calendar 15** |
| *Defendant.* | |

**ORDER**

This matter coming before the Court on Defendant Tri City Foods, Inc.'s ("TCF'") Motion to Stay Discovery and TCF's Motion to Reconsider, to Supplement Its Motion to Dismiss, or to Certify for Interlocutory Appeal ("Motion to Reconsider, Supplement and Certify"), IT IS HEREBY ORDERED:

1.  TCF's Motion to Stay Discovery based on pending interlocutory appeals is granted. Discovery is stayed through January 20, 2021.

2.  Briefing on TCF's Motion to Reconsider, Supplement and Certify is as follows:

    -   Plaintiff shall file his Response by November 6, 2020.
    -   TCF shall file its Reply by December 7, 2020.

3.  TCF's Motion to Reconsider, Supplement and Certify is set for ZOOM hearing on January 20, 2021, at 10:00 a.m.

ENTERED:

_____
Judge Anna M. Loftus, No. 2102

Order prepared and agreed to by:

Daniel J. Schneider
dschneider@edelson.com
**Edelson PC**
350 N. LaSalle Street, 14th Floor
Chicago, Illinois 60654
312-561-4106
Attorneys for Plaintiff

Anne E. Larson
Michael V. Furlong
**Ogletree, Deakins, Nash, Smoak & Stewart, P.C.**
155 North Wacker Drive, Suite 4300
Chicago, Illinois 60606
Telephone: 312.558.1220
*anne.larson@ogletree.com*
*michael.furlong@ogletree.com*
*Attorneys for Defendant*

44412614.3

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

SHANNON MEASAW, BILLIE MYERS, )
and MARY TOMPKINS, individually, )
and on behalf of all others similarly situated, )
 )
              **Plaintiffs,** )  **Case No. 19-CH-08321**
   **v.** )
 )  **Hon. Anna M. Loftus**
HERITAGE OPERATIONS GROUP, LLC, )
HERITAGE MANOR-EL PASO, LLC, )
HERITAGE MANOR-GIBSON CITY, LLC, )
183RD STREET OPERATIONS, LLC d/b/a )
EVERGREEN SENIOR LIVING – ORLAND )
PARK, DOE DEFENDANTS 1-99, )
 )
             **Defendants.** )

## ORDER

This case coming to heard on Plaintiff's Motion to Lift Stay,

**IT IS HEREBY ORDERED:**

1. Plaintiff's Motion to Lift Stay is denied.
2. This matter is set for court status on December 8, 2020 at 10:00 a.m. via Zoom.

Prepared by:

Anna M. Ceragioli
**STEPHAN ZOURAS, LLP**
100 North Riverside Plaza
Suite 2150
Chicago, Illinois 60606
(312) 233-1550
(312) 233-1560 *f*
Firm ID: 43734
aceragioli@stephanzouras.com

*One of the Attorneys for Plaintiff*

ENTERED:

*Anna M. Loftus*
Judge Anna M. Loftus, No. 2102

Judge Anna M. Loftus
OCT 29 2020
Circuit Court

1

FILED 34

IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
JACKSON COUNTY, STATE OF ILLINOIS AUG 31 AM 10: 58

*Cindy R. Svanda*
CIRCUIT CLERK
JACKSON COUNTY, IL

| | |
|---|---|
| JESSICA CHRISTIE and CHIMARI JONES, on behalf of themselves and all others persons similarly situated, known and unknown, | ) ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) |
| CARBONDALE REHABILITATION AND NURSING CENTER, LLC d/b/a INTEGRITY HEALTHCARE OF CARBONDALE, | ) ) ) ) ) |
| Defendant. | ) |

Case No.: 2020L40

Hon. Christy Solverson

## ORDER GRANTING DEFENDANT'S MOTION TO STAY ALL PROCEEDINGS

This matter, coming before the Court on Defendant Carbondale Rehabilitation and Nursing Center, LLC, d/b/a Integrity Healthcare of Carbondale's Motion to Stay All Proceedings, and the Court being fully advised, it is hereby ordered that the Motion to Stay All Proceedings is GRANTED.

This matter is stayed in its entirety pending the decision of the Appellate Court for the First Judicial District on the certified questions it accepted for review in *McDonald v. Symphony Bronzeville Park, LLC* and *Tims v. Black Horse Carriers, Inc.*

It is further ordered that the Defendant shall inform this Court of any decision of the Appellate Court for the First Judicial District in *McDonald v. Symphony Bronzeville Park, LLC* and *Tims v. Black Horse Carriers, Inc.* within 14 days after issuance of the decision.

All current deadlines and hearing dates are hereby stricken.

Entered: _8/28/20_          So Ordered: _____

                                         Judge

Prepared By:
Jody Kahn Mason
Jason A. Selvey
Jonathan B. Cifonelli
Jackson Lewis P.C.
150 North Michigan Ave., Suite 2500
Chicago, IL 60601
Tel.: 312.787.4949
Fax: 312.787.4995
Jody.Mason@jacksonlewis.co
Jason.Selvey@jacksonlewis.com
Jonathan.Cifonelli@jacksonlewis.com

Andrea Lynn Chasteen
Will County Circuit Clerk
Twelfth Judicial Circuit Court
Electronically Filed
19L182
Filed Date: 8/21/2020 9:08 AM
Envelope: 10182145
Clerk: LP

## IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
## WILL COUNTY, ILLINOIS

WILLIAM STARKS, individually and on behalf
of all others similarly situated,

*Plaintiff*,

v.

Case No:  2019 L 182

JOLIET COLD STORAGE, LLC

*Defendant*,

## **ORDER**

This matter coming to be heard for status and for ruling on Defendant's Motion to Stay, the Court being duly advised, IT IS HEREBY ORDERED:

(1) Defendant's Motion to Stay is granted;

(2) This case stayed until at least such time as the Third District Appellate Court issues a decision on the pending appeal in *Marion v. Ring Container Technologies, LLC*, No. 3-20-0184 (3d Dist.) (*Ring Container*);

(3) This matter is continued for further status to December 17, 2020 at 9:00 a.m. in Rm A201.

*It is so ordered.*

_____
Hon. Judge Roger D. Rickmon

*Prepared by*:
Laura Bacon
Nixon Peabody LLP
lbbacon@nixonpeabody.com

August 19, 2020

*Reviewed by*:
Mara Baltabols
The Fish Law Firm, PC
mara@fishlawfirm.com



COPY

IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
WILLIAMSON COUNTY, ILLINOIS

FILED

AUG 14 2020

SUZANNE CLINE, on behalf of herself and  )
all other persons similarly situated, known  )
and unknown,                              )
                                          )
                 *Plaintiff,*  )
                                          )
v.                                        )
                                          )
MARION REHABILITATION AND                 )
NURSING CENTER, LLC d/b/a                 )
INTEGRITY HEALTHCARE OF                   )
MARION,                                   )
                                          )
                *Defendant.*  )

Case No.: 2020 L 52

CLERK OF THE CIRCUIT COURT

Judge Jeffrey Goffinet

## ORDER GRANTING DEFENDANT'S MOTION TO STAY PROCEEDINGS

This matter, coming before the Court on Defendant's Motion to Stay Proceedings and the Court being fully advised, it is hereby ordered that the Motion is GRANTED.

1.    This matter is stayed pending decisions by the Appellate Court for the First Judicial District on the certified questions it accepted for review in *McDonald v. Symphony Bronzeville Park, LLC* and *Tims v. Black Horse Carriers, Inc.*

2.    It is further ordered that the Defendant shall inform this Court of any decisions by the Appellate Court for the First Judicial District in *McDonald v. Symphony Bronzeville Park, LLC* and *Tims v. Black Horse Carriers, Inc.* within 14 days after issuance of the decision.

3.    All current deadlines and hearing dates are hereby stricken.

Entered: 8/13/20

So Ordered: _____
                        Judge Goffinet

Prepared by:
Jody Kahn Mason (ARDC #6289872)
Jason A. Selvey (ARDC #6287353)

9



Julia S. Wolf (ARDC #6316590)
Jackson Lewis P.C.
150 North Michigan Ave., Suite 2500
Chicago, IL 60601
Tel.: 312.787.4949
Fax: 312.787.4995
Jody.Mason@jacksonlewis.com
Jason.Selvey@jacksonlewis.com
Julia.Wolf@jacksonlewis.com

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTRY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| CHRIS RONDINELLA and ROZENER SWARN, Individually and on behalf of all others similarly situated, ) | |
| Plaintiffs, ) | Case No.: 2020 CH 03357 |
| V. ) | Judge Franklin U. Valderrama |
| PALOS HILLS HEALTHCARE, LLC, ) | Calendar 03 |
| Defendant, ) | |
| DANIEL WEISS, ) | |
| Respondent-in-Discovery. ) | 4315 |
| | 9205 |

# ORDER GRANTING IN PART DEFENDANT'S MOTION TO STAY PROCEEDINGS

This matter, coming before the Court on Defendant's Motion to Stay Proceedings and the Court being fully advised, it is HEREBY ORDERED:

1.     Defendant's motion to stay proceedings pending a decision by the Appellate Court for the First Judicial District on the certified question it accepted for review in *McDonald v. Symphony Bronzeville Park, LLC* is granted.

2.     Defendant's motion to stay proceedings pending a decision by the Appellate Court for the First Judicial District on the certified question it accepted for review in *Tims v. Black Horse Carriers, Inc.* is entered and continued.

3.     This matter is set for a status hearing on November 16, 2020 at 10:00 am. If the Appellate Court for the First Judicial District issues a decision in *McDonald v. Symphony Bronzeville Park, LLC* prior to that date, either party may alert the Court to that decision.

4.     All current deadlines and any other set hearing dates are hereby stricken.

ENTERED
JUDGE FRANKLIN ULYSES VALDERRAMA-1968

**JUL 17 2020**

DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL
DEPUTY CLERK

Entered: July 17, 2020

So Ordered: /s/ *Franklin U. Valderrama*

Judge Franklin U. Valderrama

Prepared by:
Jody Kahn Mason
Jason A. Selvey
Julia S. Wolf
Jackson Lewis P.C.
150 North Michigan Ave., Suite 2500
Chicago, IL 60601
Tel.: 312.787.4949
Fax: 312.787.4995
Jody.Mason@jacksonlewis.com
Jason.Selvey@jacksonlewis.com
Julia.Wolf@jacksonlewis.com

Firm Id: 39408

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

KEVIN TRUSS,                                    )
                                                )
        Plaintiff,                              )
                                                )
v.                                              )     Case No. 2019 CH 09633
                                                )
FOUR SEASONS HEATING & AIR                      )     Calendar 15
CONDITIONING, INC.,                             )
                                                )
        Defendant.                              )

## AGREED ORDER

THIS MATTER COMING TO BE HEARD on the parties agreed request to stay this matter
pending the resolution of the appeals in *McDonald v. Symphony Bronzville Park, LLC* (Case No. 19-
2398) and *Tims v. Black Horse Carriers, Inc.* (Case No. 20-563), due notice having been given and the
Court being fully advised in the premises;

IT IS HEREBY ORDERED that this matter is stayed until further order of the Court. The
parties will appear before this Court on December 8, 2020 at 10:00 a.m. to report on the status of the
aforementioned appeals.

The status date set for September 11 is hereby stricken.

ENTERED:

Judge Anna M. Loftus
JUN 1 1 2020
Circuit Court-2102          /s/ *Anna M. Loftus*
                            Judge Anna M. Loftus

David M. Schultz
John P. Ryan
Hinshaw & Culbertson LLP
151 North Franklin Street, Suite 2500
Chicago, IL 60606
Tel:     312-704-3000
Email:   dschultz@hinshawlaw.com
         jryan@hinshawlaw.com
Firm No. 90384

1023974\305847443.v1

**IN THE CIRCUIT COURT OF THE TWENTY-FIRST JUDICIAL CIRCUIT
KANKAKEE COUNTY, ILLINOIS, LAW DIVISION**

SCOTT MARION, individually and on behalf of )
all others similarly situated, )
                                )
               Plaintiff, )
                                )
       v. )   Case No.: 2019L000089
                                  )
RING CONTAINER TECHNOLOGIES, LLC, )   Honorable Adrienne W. Albrecht
a Tennessee limited liability company, )
                                  )
               Defendant. )

**FILED**

APR 3 0 2020

Sandra M Cianci
CIRCUIT COURT CLERK

**ORDER**

This cause having come before the Court on Defendant Ring Container Technologies,

LLC's Motion for Appellate Certification Under Ill. S. Ct. R. 308, or, in the Alternative, to Stay

All Proceedings, due notice having been given, and the Court being duly advised in the premises,

**THE COURT HEREBY FINDS AND ORDERS:**

1.     Appellate certification of the following questions is appropriate. The Court is not

aware of any guidance from the Third District Appellate Court on what statute of limitations

properly applies to claims under BIPA or whether such claims are preempted by the Illinois

Workers' Compensation Act.

2.     Each question is a novel question of law as to which there is substantial ground

for difference of opinion, and an immediate appeal may materially advance the ultimate

termination of this litigation.

3.     Moreover, considering the novelty of the issues, the importance of them, and the

numerous cases and litigants to which the answers apply, the Court believes that efficiency

further requires that Defendant is provided the opportunity to seek leave to appeal from the Third

District Appellate Court.

1

4.    The Motion is therefore granted, and the Court hereby certifies the following

questions to the Illinois Third District Appellate Court pursuant to Illinois Supreme Court Rule

308:

        a.    Whether the one-year statute of limitations for privacy actions, 735 ILCS
              5/13-201, applies to claims brought under the Biometric Information
              Privacy Act, 740 ILCS 14/1 et seq.

        b.    Whether the two-year statute of limitations for personal injuries, 735 ILCS
              5/13-202, applies to claims brought under the Biometric Information
              Privacy Act, 740 ILCS 14/1 et seq.

        c.    Whether the exclusivity provisions in the Workers' Compensation Act,
              which state, among other things, that an employee has "[n]o common law
              or statutory right to recover damages from the employer * * * for [an]
              injury [ ] sustained by any employee while engaged in the line of his
              duty," 820 ILCS 305/5; 820 ILCS 305/11, bar a claim for statutory
              damages under BIPA that is based upon an injury that arises in, and during
              the course of, employment.

5.    It is further ordered that all proceedings in this case are stayed pending disposition

of Defendant's motion for leave to appeal.

Dated: _____ 20, 2020          _____

                                Hon. Adrienne W. Albrecht

***Prepared by:***
Melissa A. Siebert
Matthew C. Wolfe
Erika A. Dirk
SHOOK, HARDY & BACON L.L.P.
111 South Wacker Drive, Suite 4700
Chicago, IL 60606
Tel: (312) 704-7700
masiebert@shb.com
mwolfe@shb.com
eadirk@shb.com

2