**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| KANDICE NEALS, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, | |
| Plaintiffs, | No. 19-cv-05660 |
| v. | Judge Franklin U. Valderrama |
| PARTECH, INC., | |
| Defendant. | |

**MEMORANDUM OPINION AND ORDER**

Kandice Neals (Neals), on behalf of herself and a putative class of similarly situated individuals, brings this action against ParTech, Inc. (ParTech or PAR), a developer of cloud-based point-of-sale (POS) systems, for alleged violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* (BIPA). R. 32, Am. Compl.[1] ParTech's motion for judgment on the pleadings (R. 63, Mot. Remand) and motion to stay the case proceedings (R. 85, Mot. Stay) are both before the Court. For the reasons that follow, the Court denies ParTech's motion for judgment on the pleadings, which the Court construes as a motion to sever and remand. The Court also denies ParTech's motion to stay the case proceedings.

**Background**

Starting in May 2018, Neals was employed by Charley's Philly Steaks (Charley's), a restaurant in Schaumburg, Illinois. Am. Compl. ¶ 27. As a new

---

[1]Citations to the docket are indicated by "R." followed by the docket number and, where necessary, a page or paragraph citation.

employee, Charley's required Neals to "punch" in and out of work each day by scanning her fingerprints into the ParTech POS system at the Schaumburg restaurant. *Id.* ¶¶ 22, 28–29. The POS system collected and stored Neals's fingerprints in the ParTech database. *Id.* ¶ 28. ParTech did not inform Neals in writing of the specific purpose and length of time for which Neals's fingerprints were being collected, stored, and used. *Id.* ¶ 5. ParTech did not obtain Neals's written release to allow ParTech to collect or store her fingerprints. *Id.* Nor did ParTech make available information about its biometric data retention policy or other guidelines regarding the permanent destruction of the biometric information it possessed, namely, Neals's and the purported class's fingerprints. *Id.*

BIPA regulates "the collection, use, safeguarding, handling, storage, retention, and destruction of biometric identifiers and information." 740 ILCS 14/5(g); *see also Liu v. Four Seasons Hotel, Ltd.*, 138 N.E.3d 201, 204 (Ill. App. Ct. 2019). "Biometric identifier" includes, among other things, a fingerprint. 740 ILCS 14/10. "'Biometric information' means any information, regardless of how it is captured, converted, stored, or shared based on an individual's biometric identifier used to identify an individual." *Id.* Biometric information is particularly sensitive because unlike social security numbers, which can be changed if necessary, biometric identifiers cannot be changed. *Id.* § 14/5(c). BIPA provides "robust protections for the biometric information of Illinois residents." *Thornley v. Clearview*, 984 F.3d 1241, 1242 (7th Cir. 2021). Section 14/15(a) of BIPA requires private entities that possess biometric information to develop a publicly available written policy that includes a retention

schedule and destruction guidelines. 740 ILCS 14/15(a). Under Section 14/15(b), private entities must (1) inform the individual, whose biometric information is being collected, that such information is being collected or stored; (2) inform the individual in writing of the specific purpose and length of term for which the biometrics are being collected, stored, and used; and (3) receive a written release from the individual. *Id.* § 14/5(b).

Neals maintains that ParTech is a private entity that violated and continues to violate Sections 14/15(a) and 15(b) of BIPA. Am. Compl. ¶¶ 5, 44. She seeks to represent a class of "[a]ll residents of the State of Illinois who scanned their fingerprints into a ParTech POS system in the State of Illinois" (the Class). *Id.* ¶ 35. Neals specifically alleges that ParTech's violations include: (1) failing to properly inform Neals and Class members in writing of the specific purpose and length of time for which their fingerprints were being collected, stored, and used (*id.* ¶ 5); (2) failing to provide a publicly available retention schedule and guidelines for permanently destroying Neals's and the Class's fingerprints (*id.*); (3) failing to actually adhere to that retention schedule and delete the biometric information (*id.* ¶ 42); (4) failing to receive a written release from Neals or the Class members to collect, capture, or otherwise obtain their fingerprints (*id.* ¶ 5); and (5) continuing to negligently collect, store, and use Neals's and the Class's biometric data (*id.* ¶¶ 20, 51). 740 ILCS 14/15(a)–(b).

Neals originally filed suit against ParTech in the Circuit Court of Cook County, Illinois, R. 1-1, which ParTech then removed to federal court on the basis of diversity

jurisdiction.[2] R. 1. ParTech moved to dismiss the action under Federal Rule of Civil Procedure 12(b)(6), arguing, among other things, that Neals had not sufficiently alleged that she scanned her fingerprints into ParTech's system in *Illinois*, a requirement under the BIPA statute. R. 19. The Court[3] agreed with ParTech, dismissing the action without prejudice and with leave to amend. R. 30. On January 15, 2020, Neals filed the instant First Amended Complaint, and ParTech subsequently answered. Am. Compl.; R. 35. ParTech now moves for judgment on the pleadings, requesting that the Court enter judgment in ParTech's favor relating to Neals's BIPA Section 15(a) claim on the basis of a lack of subject matter jurisdiction and remand that claim (or alternatively, this case in its entirety) back to state court. Mot. Remand at 6. ParTech also moves to stay the case proceedings for ninety days pending two imminent rulings from the Illinois Appellate Court on what statute of limitations period applies to BIPA claims (*Tims v. Black Horse Carriers*, No. 1-20-0563 (1st Dist.) and *Marion v. Ring Container Techs., LLC*, No. 3-20-0184 (3d Dist.)). Mot. Stay at 1.

## Legal Standards

The motion for judgment on the pleadings challenges the Court's subject matter jurisdiction over Neals's Section 15(a) claim (notably, the propriety of the form of ParTech's challenge is discussed further below). When deciding a facial challenge to subject matter jurisdiction—that is, when the defendant argues that the

---

[2] Neals is an Illinois citizen. ParTech is a citizen of Delaware and New York. *See* Am. Compl. ¶¶ 7–8, 10.
[3] This case was previously assigned to Judge Guzmán. It was reassigned to this Court on September 28, 2020. R. 74.

plaintiff's *allegations* as to jurisdiction are inadequate—"the district court must accept as true all well-pleaded factual allegations, and draw reasonable inferences in favor of the plaintiff." *Ezekiel v. Michel*, 66 F.3d 894, 897 (7th Cir. 1995); *see also Silha v. ACT, Inc.*, 807 F.3d 169, 174 (7th Cir. 2015) ("[W]hen evaluating a facial challenge to subject matter jurisdiction," the Court employs the *Twombly–Iqbal* "plausibility" standard, "which is the same standard used to evaluate facial challenges to claims under Rule 12(b)(6).").

As for the motion to stay, district courts have the inherent power to control their own dockets, including the power to stay proceedings before them. *Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."); *Munson v. Butler*, 776 F. App'x 339, 342 (7th Cir. 2019) ("[A] district court has inherent power to exercise its discretion to stay proceedings to avoid unnecessary litigation of the same issues."). How best to manage the court's docket "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936). In evaluating whether to exercise their discretion to stay proceedings, courts consider "(1) whether a stay will simplify the issues in question and streamline the trial; (2) whether a stay will reduce the burden of litigation on the parties and on the court; and (3) whether a stay will unduly prejudice or tactically disadvantage the non-moving party." *Berkeley\*IEOR v. Teradata Operations, Inc.*, 2019 WL 1077124, at \*5 (N.D. Ill. Mar. 7, 2019).

Analysis

The Court addresses ParTech's motion for judgment on the pleadings (construed as a motion to sever and remand) first, followed by ParTech's motion to stay.

I. Motion to Sever and Remand

A. Motion Form

As a preliminary matter, the Court must address whether ParTech's motion is the proper mechanism to challenge the Court's subject matter jurisdiction over Neals's Section 15(a) claim. As noted, ParTech has filed a motion for judgment on the pleadings. Fed. R. Civ. P. 12(c). Neals maintains that a motion to sever and remand, not a motion for judgment on the pleadings, is the proper vehicle to challenge subject matter jurisdiction. *See* R. 70, Resp. Mot. Remand at 1–2; R. 82, Sur-Reply Mot. Remand at 1–3[4]; *see also Romary Assocs., Inc. v. Kibbi LLC*, 2011 WL 13254419, at *2 (N.D. Ind. June 17, 2011) ("It is settled that a motion for a judgment on the pleadings is a motion for a judgment on the merits.") (internal citation omitted). In response, ParTech cites to several cases in support of its position that a judgment on the pleadings is appropriate here. *See* R. 73, Reply Mot. Remand at 2. Notably, those cited cases largely concern a lack of statutory standing rather than Article III standing and subject matter jurisdiction.

---

[4]The Court notes that while Neals designates her brief as a "Sur-Reply," the brief is more appropriately characterized as a "Sur-Response," because it was filed in response to ParTech's Reply. *See Black's Law Dictionary* 1674 (10th ed. 2014) (a surresponse is the "second response by someone who opposes a motion" and generally "comes in answer to the movant's reply.") No matter, for the purposes of this Opinion, the Court adopts Neals's "Sur-Reply" designation.

6

Finding that the motion raises jurisdictional issues only, the Court agrees with Neals that ParTech's motion is improperly brought as a motion for judgment on the pleadings. *See Consol. Paving, Inc. v. Cty. of Peoria, Ill.*, 2012 WL 13001935, at *3 (C.D. Ill. Aug. 28, 2012) ("[W]hether an Article III case or controversy exists goes to the question of the court's subject matter jurisdiction. A challenge to the court's subject matter jurisdiction is properly raised by motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) and not by a Rule 12(c) motion for judgment on the pleadings since it is elementary that a court cannot render a judgment in a case which it has no power to entertain.") (quoting *Lane v. Reid*, 559 F. Supp. 1047, 1048–49 (S.D.N.Y. 1983)); *see also Collins v. Bolton*, 287 F. Supp. 393, 396 (N.D. Ill. 1968) ("Initially, we believe the motion for judgment on the pleadings, pursuant to Rule 12(c), must be treated as a motion to dismiss for lack of subject matter jurisdiction. It raises only jurisdictional issues.").

Because ParTech's requested relief is effectively a remand (and because a Rule 12(b)(1) motion is inappropriate when ParTech has already answered), the Court instead construes the motion as a motion to sever and remand the Section 15(a) claim. *See* 28 U.S.C. § 1447(c) (When a case is removed to federal court from a state court, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction," the case must be remanded to the state court.); *see also Davis v. Servisair*, 2009 WL 3414250, at *1 (N.D. Ill. Oct. 20, 2009).

## B. Article III Standing—Neals's Section 15(a) Claim

Putting form aside, ParTech contends that the Court lacks Article III standing over Neals's Section 15(a) claim, because Neals has not alleged an injury in fact. Mot. Remand at 1. Article III standing, a matter of subject matter jurisdiction, consists of three elements: "[t]he plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, —— U.S. ——, 136 S. Ct. 1540, 1547 (2016). Only the first element of Article III standing is at issue here. The injury in fact inquiry "asks whether the plaintiff has suffered an invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical." *Fox v. Dakkota Integrated Sys., LLC*, 980 F.3d 1146, 1151–52 (7th Cir. 2020) (internal citations and quotations omitted). An injury is "particularized" if it "affect[s] the plaintiff in a personal and individual way." *Id.* (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 n.1 (1992)). "A generalized grievance shared by all members of the public will not suffice." *Id.* (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342–44 (2006)).

Here, the heart of the jurisdictional dispute is over the nature and concreteness of injuries for the alleged violation of BIPA Section 15(a). Section 15(a) specifically requires private entities that possess biometric information to develop, publicly disclose, and comply with a data retention schedule, including providing for the permanent destruction of biometric information after its initial purpose is satisfied,

8

but in no event later than three years from the person's last interaction with the entity. 740 ILCS 14/5(a).

In moving to remand, ParTech argues that there is no Article III "injury in fact" for the retention-policy claims under Section 15(a) of BIPA. Mot. Remand. It is true that, in *Bryant* (the case on which ParTech primarily relies, *see* Mot. Remand at 3–5[5]), the Seventh Circuit held that the retention-policy claim alleged by the plaintiff in that case did not result in an injury in fact for purposes of Article III standing. *Bryant v. Compass Grp. USA, Inc.*, 958 F.3d 617, 626 (7th Cir. 2020). The Seventh Circuit reasoned that the plaintiff had alleged only that a *generalized* duty of disclosure to the public had been violated, with no accompanying particularized harm to the plaintiff herself. *See id.* ("the duty to disclose under section 15(a) is owed to the public generally, not to particular persons whose biometric information the entity collects").

Here, however, Neals has alleged more than mere generalized harm arising from the retention-policy violation. This makes all the difference, because the Seventh Circuit recently clarified that *Bryant* made no broad statement on whether violations of the retention-policy requirement of Section 15(a) satisfy the injury-in-fact element of standing. *Fox*, 980 F.3d at 1148–1149. In *Fox v. Dakkota Integrated Sys., LLC*, the Seventh Circuit emphasized that *Bryant* considered *only* the theory invoked there—a violation of the generalized duty to *publicly disclose* the retention

---

[5]ParTech also cites to *Figueroa v. Kronos, Inc.*, 2020 WL 4273995 (N.D. Ill. July 24, 2020) in support of its position. *See* Mot. Remand at 2, 5–6. Because *Figueroa* is pre-*Fox* and largely relies on *Bryant*, the Court need not discuss it in detail here.

9

policy—"and did *not* address other provisions" in Section 15(a). *Id.* (emphasis in original). *Fox* held that, moving beyond the general duty to publicly disclose a retention policy, an injury in fact does arise from violations of the data-retention requirements themselves. *Id.* The Seventh Circuit further explained that an "unlawful retention of biometric data inflicts a privacy injury in the same sense that an unlawful collection does" and therefore is "as concrete and particularized an injury" as violations of Section 15(b) of BIPA. *Id*. at 1154.

In this case, Neals not only alleges that ParTech fails to publish a retention and destruction schedule, but also that ParTech continues to retain, use, and analyze her biometrics indefinitely. Specifically, Neals alleges that:

- "PAR continues to collect, store, and use restaurant employees' biometric data in violation of the BIPA." Am. Compl. ¶ 20.
- "The BIPA also mandates that companies in possession of biometric data establish and maintain a satisfactory biometric data retention (and— importantly—deletion) policy. Specifically, those companies must: (i) make publicly available a written policy establishing a retention schedule and guidelines for permanent deletion of biometric data (i.e., when the employment relationship ends); and (ii) *actually adhere to that retention schedule* and actually delete the biometric information. *See* 740 ILCS 14/15(a). [. . .] Unfortunately, *PAR fails to comply with these BIPA mandates.*" Am. Compl. ¶¶ 42–43 (emphasis added).

10

- "By negligently collecting, storing, and using Plaintiff's and the Class's biometric identifiers and biometric information as described herein, PAR violated Plaintiff's and the Class's rights to privacy in their biometric identifiers or biometric information as set forth in the BIPA, 740 ILCS 14/1, *et seq.*" Am. Compl. ¶ 51.

This is not a mere failure to disclose a retention policy case. Neals alleges more—that ParTech continues to collect and retain biometrics, has failed to actually adhere to a retention schedule, and has failed to delete biometric information. The Seventh Circuit has found that violations of these sorts satisfy the injury in fact needed for Article III standing. *Fox*, 980 F.3d at 1155 (finding that "an unlawful *retention* of a person's biometric data is as concrete and particularized an injury as an unlawful *collection* of a person's biometric data.") (emphasis in original). With an injury in fact, it follows that the Court has subject matter jurisdiction over Neals's Section 15(a) retention-policy claim, and the Court accordingly denies ParTech's motion to remand.

## II. Motion to Stay Proceedings

ParTech also moves the Court to stay the case for a period of ninety days pending decisions from the Illinois Appellate Court in *Tims v. Black Horse Carriers*, App. No. 1-20-0563 and *Marion v. Ring Container Techs., LLC*, App. No. 3-20-0184.

11

Mot. Stay at 1–2.[6] Both cases will be addressing the currently unsettled question of which statute of limitations period applies to BIPA claims.

As noted above, courts generally consider three factors in deciding whether to stay proceedings: (i) whether a stay will simplify the issues ten question and streamline the trial; (ii) whether a stay will reduce the burden of litigation on the parties and on the court; and (iii) whether a stay will unduly prejudice or tactically disadvantage the non-moving party. *Leung v. XPO Logistics, Inc.*, 2015 WL 12826472, at *1 (N.D. Ill. Aug. 12, 2015).

ParTech argues that a stay would be appropriate here, because the outcome of the appeals in *Tims* and *Marion* will "provide clarity regarding the scope of the class and allow the parties to make a more educated assessment of settlement prospects," and Neals would not be prejudiced by the stay, as rulings are expected to be issued in the near future.[7] Mot. Stay at 3. ParTech string cites several cases in which federal district courts, including this Court, and state trial courts have granted motions to stay pending rulings in *Tims* and *Marion*. *Id.* at 2–3.

Neals opposes the stay, arguing that contrary to ParTech's contention, clarity on the applicable statute of limitations for BIPA claims "will have virtually no impact on this case," because the timeliness of the case is not in question. R. 89, Resp. Mot. Stay at 2. Neals further explains that she filed this case only ten months after

---

[6]As a secondary ground, ParTech also requests a stay based on the fact that the parties are currently engaging in settlement discussions. Mot. Stay at 1. The Court does not find that the engagement of settlement negotiations warrants a stay at this time. The Court instead focuses on ParTech's argument regarding the pending *Tims* and *Marion* rulings.
[7]The Court understands that both *Tims* and *Marion* are fully briefed.

12

ParTech first violated her BIPA rights (she first scanned her finger on a ParTech biometric POS terminal in May of 2018 and filed this case on March 21, 2019, *see* Am. Compl. ¶ 27). Resp. Mot. Stay at 2. Accordingly, Neals contends that she would not be subject to even the most stringent one-year limitations period if it applied, and this case will proceed regardless of the rulings in *Tims* and *Marion*. *Id*. Neals argues that this is what distinguishes the three district court orders cited by ParTech. *See Id*. (citing *Donets v. Vivid Seats*, LLC, 20-cv-3551, R. 27 (N.D. Ill. Dec. 12, 2020) (Valderrama, J.); *Vaughan v. Biomat USA, Inc.*, 2020 WL 6262359, at *1 (N.D. Ill. Oct. 23, 2020) (Aspen, J.); *Bell v. SDH Servs. West, LLC, et al.*, 20-cv-3181, R. 22 (N.D. Ill. Aug. 27, 2020) (Ellis, J.)).

The Court agrees with Neals. In *Donets*, *Vaughan*, and *Bell*, the statute of limitations period was *at issue*, and clarity on the applicable statute of limitations would likely affect the disposition of the case. *See Donets*, No. 20-cv-03551, R. 27, at 1, 3 (noting that the defendant's pending motion to dismiss argued that the plaintiff's claims were barred by a one- or two-year limitations periods and reasoning that "the *Tims* and *Marion* decisions could control the [c]ourt's resolution of the timeliness issue,"); *Vaughan*, 2020 WL 6262359, at *2–3 (reasoning that the applicable statute of limitations "is of significance here because, to the extent that a one-year statute of limitations applies rather than a five-year period, Plaintiff's case may warrant dismissal"); *Bell*, 20 CV 3181, R. 22 at 2–3 (staying case because "although a close

13

question, . . . the Illinois Appellate Court's decision[] in . . . *Tims* could control the [c]ourt's resolution of the . . . timeliness issues") (internal citations omitted).

Here, the statute of limitations is not at issue, and reversals in either *Tims* or *Marion* would not dictate the disposition of this case. As such, the Court finds that a stay of the proceedings is not warranted and denies ParTech's motion for a stay. Notably, the Court takes ParTech's point that rulings on the applicable statute of limitations *may* impact the scope of discovery requests and/or the scope of the proposed class. The Court finds that these concerns can be addressed short of a stay of the case proceedings as part of the discovery process and at the class certification stage.

## Conclusion

For the foregoing reasons, the Court denies ParTech's motion to sever and remand Neals's claim under BIPA Section 15(a) (R. 63). The Court also denies ParTech's motion to stay the case proceedings (R. 85).

Franklin U. Valderrama
United States District Judge

Dated: February 9, 2021