IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | |
|---|---|
| KANDICE NEALS, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>PARTECH, INC., a Delaware corporation,<br><br>*Defendant*. | No. 19-cv-05660<br><br>Judge Franklin U. Valderrama |

**ORDER GRANTING PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT AGREEMENT, CERTIFYING
SETTLEMENT CLASS, APPOINTING CLASS REPRESENTATIVE,
APPOINTING CLASS COUNSEL, AND APPROVING NOTICE PLAN**

This matter coming before the Court on Plaintiff's Motion for and Memorandum in Support of Preliminary Approval of Class Action Settlement, R. 124, good cause being shown, and the Court being fully advised in the premises,

IT IS HEREBY ORDERED, DECREED, AND ADJUDGED AS FOLLOWS:

1. Terms and phrases in this Order shall have the same meaning as ascribed to them in the Settlement Agreement, R. 124-1.

2. Plaintiff has moved the Court for an order preliminarily approving the settlement of the Action in accordance with the Settlement Agreement, which, together with the documents incorporated therein, sets forth the terms and conditions for a proposed settlement and dismissal of the Action with prejudice. The Court having read and considered the Settlement Agreement and having heard the parties and being fully advised in the premises, hereby preliminarily approves the Settlement Agreement in its entirety subject to the Final Approval Hearing referred to in this Order, certifies the Settlement Class defined below, appoints Class Counsel and the Class

1

Representative, and approves the Notice plan.

**Certification of the Settlement Class**

3. For purposes of settlement only, the Court certifies the following Settlement Class as defined in the Settlement Agreement:

> All persons who scanned their fingers in the State of Illinois through a scanner attached to a point of sale system ("POS system") issued, leased, or sold by ParTech, Inc., and for whom any alleged biometric data (including without limitation any alleged biometric identifiers or any alleged biometric information) relating to that scan was shared with or stored by Defendant, between March 21, 2014 and March 3, 2022.

Excluded from the Settlement Class are: (1) any Judge or Magistrate Judge presiding over this action and members of their families, (2) Defendant, Defendant's subsidiaries, parent companies, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest, (3) persons who executed Defendant's e-consent or a written release from the person's employer that releases Defendant or the licensor or service provider of the employer's timekeeping software or POS system, before any alleged biometric data relating to the person's finger scan was shared with or stored by Defendant, (4) persons who properly execute and file a timely request for exclusion from the Settlement Class, and (5) the legal representatives, successors, heirs, or assigns of any such excluded persons.

4. The Court finds, subject to the Final Approval Hearing referred to below, that the Settlement Agreement is fundamentally fair, adequate, and reasonable, and, for the purposes of settlement only, that the Settlement Class satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, specifically, that: the Settlement Class is so numerous that joinder of all members is impracticable; there are questions of fact and law common to the Settlement Class (*e.g.*, whether Defendant collected, captured, or otherwise obtained Plaintiff's and the Settlement Class's biometric identifiers or information, as defined by 740 ILCS 14/10; whether Defendant

properly informed Plaintiff and the Settlement Class of its purposes for collecting, using, and storing their biometric information, 740 ILCS 14/15(b); whether Defendant obtained any written releases to collect, use, and store Plaintiff's and the Settlement Class's biometric information, *id.*; and whether Defendant developed a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric information, 740 ILCS 14/15(a)); Plaintiff's claims are typical of the claims of the members of the Settlement Class; Plaintiff and Class Counsel will fairly and adequately protect the interests of the members of the Settlement Class; common questions of law or fact predominate over questions affecting individual members; and a class action is a superior method for fairly and efficiently adjudicating the Action.

**<u>Preliminary Approval of the Settlement</u>**

5. For purposes of settlement only: (a) J. Eli Wade-Scott and Schuyler Ufkes of Edelson PC and David Fish of Fish Potter Bolaños, P.C. are appointed Class Counsel for the Settlement Class; and (b) Kandice Neals is named Class Representative of the Settlement Class. The Court finds that these attorneys are competent and capable of exercising the responsibilities of Class Counsel and that Plaintiff Neals will adequately protect the interests of the Settlement Class defined above.

6. The Court finds that, subject to the Final Approval Hearing, the Settlement Agreement is fair, reasonable, and adequate, is likely to be approved under Federal Rule of Civil Procedure 23(e)(2), and is in the best interests of the Settlement Class set forth above. The Court further finds that the Settlement Agreement substantially fulfills the purposes and objectives of the class action, and provides substantial relief to the Settlement Class without the risks, burdens, costs, or delay associated with continued litigation, trial, and/or appeal. The Court also finds that

the Settlement Agreement (a) is the result of arm's-length negotiations between experienced class action attorneys; (b) is sufficient to warrant notice of the settlement and the Final Approval Hearing to be disseminated to the Settlement Class; (c) meets all applicable requirements of law, including Federal Rule of Civil Procedure 23 and the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715; and (d) is not a finding or admission of liability by the Defendant or any other parties.

7. The Court finds that the *cy pres* component of the Settlement Agreement is fair and reasonable and therefore, subject to the Final Approval Hearing, preliminarily approves Southern Smoke Foundation's Chicago Restaurant Worker Relief Fund as the *cy pres* recipient, including the distribution of any uncashed checks or electronic payments unable to be processed within 90 days of issuance to Settlement Class Members.

**Notice and Administration**

8. The Court approves, as to form, content, and distribution, the Notice plan and all forms of Notice to the Settlement Class as set forth in the Settlement Agreement and Exhibits A and B thereto, and finds that such Notice is the best notice practicable under the circumstances, and that the Notice complies fully with the requirements of the Federal Rules of Civil Procedure. The Court also finds that the Notice constitutes valid, due and sufficient notice to all persons entitled thereto, and meets the requirements of Due Process. The Court further finds that the Notice is reasonably calculated, under all circumstances, to apprise members of the Settlement Class of the pendency of this Action, the terms of the Settlement Agreement, and the right to object to the settlement and to exclude themselves from the Settlement Class. The parties, by agreement, may revise the Notice in ways that are not material, or in ways that are appropriate to update those documents for purposes of accuracy or formatting for publication.

9. The Court approves the request for the appointment of Kroll Settlement

Administration, LLC as Settlement Administrator under the Settlement Agreement.

10. Pursuant to paragraph 4.1 of the Settlement Agreement, the Settlement Administrator is directed to publish the Notice on the Settlement Website. The Settlement Administrator shall also maintain the Settlement Website to provide full information about the Settlement online.

11. The Settlement Administrator is directed to send direct Notice via U.S. Mail by March 31, 2022.

**Exclusion**

12. All persons who meet the definition of the Settlement Class and who wish to exclude themselves from the Settlement Class must submit their request for exclusion in writing on or before the Objection/Exclusion deadline of May 26, 2022. Any members of the Settlement Class so excluded shall neither be bound by the terms of the Settlement Agreement nor entitled to any of its benefits.

13. To be valid, any request for exclusion must (a) be in writing; (b) identify the case name *Neals v. ParTech, Inc.*, No. 2019-cv-05660 (N.D. Ill.); (c) state the full name and current address of the person in the Settlement Class seeking exclusion; (d) be signed by the person(s) seeking exclusion; and (e) be postmarked or received by the Settlement Administrator on or before the Objection/Exclusion Deadline. In light of the COVID-19 pandemic, the Settlement Administrator shall create a dedicated e-mail address to receive exclusion requests electronically. Each request for exclusion must also contain a statement to the effect that "I hereby request to be excluded from the proposed Settlement Class in *Neals v. ParTech, Inc.*, 2019-cv-05660 (N.D. Ill.)." A request for exclusion that does not include all of the foregoing information, that is sent to an address or e-mail address other than that designated in the Notice, or that is not postmarked or

electronically delivered to the Settlement Administrator within the time specified, shall be invalid and the persons serving such a request shall be deemed to remain Settlement Class Members and shall be bound as Settlement Class Members by the Settlement Agreement, if approved. No person may request to be excluded from the Settlement Class through "mass" or "class" opt-outs.

**Objections**

14. Any Settlement Class Members who have not timely filed a request for exclusion may object to the fairness, reasonableness, or adequacy of the Settlement Agreement, or to a Final Judgment being entered dismissing the Action with prejudice in accordance with the terms of the Settlement Agreement, or to the attorneys' fees and expense reimbursement sought by Class Counsel, or to the requested incentive award to the Class Representative as set forth in the Notice and Settlement Agreement. To object, Settlement Class Members must sign and file a written objection on or before the Objection/Exclusion Deadline of May 26, 2022.

15. To be valid, the written objection must comply with the objection procedures set forth in the Settlement Agreement and Notice, and must include (a) the Settlement Class Member's full name and current address, (b) a statement that he or she believes himself or herself to be a member of the Settlement Class, (c) whether the objection applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class, (d) the specific grounds for the objection, (e) all documents or writings that the Settlement Class Member desires the Court to consider, (f) the name and contact information of any and all attorneys representing, advising, or in any way assisting the objector in connection with the preparation or submission of the objection or who may profit from the pursuit of the objection, and (g) a statement indicating whether the objector intends to appear at the Final Approval Hearing (either personally or through counsel, who must file an appearance with the Court in accordance with Northern District of Illinois Local

Rules or seek *pro hac vice* admission).

16. To be valid, objections must be filed with the Court and postmarked, e-mailed, or delivered to Class Counsel (Schuyler Ufkes, sufkes@edelson.com, EDELSON PC, 350 North LaSalle Street, 14th Floor, Chicago, IL 60654) and to Defendant's Counsel (John T. Ruskusky, jtruskusky@nixonpeabody.com, NIXON PEABODY LLP, 70 W. Madison Street, Suite 5200, Chicago, IL 60602) on or before the Objection/Exclusion Deadline. In addition, any objections made by a Settlement Class Member who is represented by counsel must be filed through the Court's CM/ECF system.

17. Settlement Class Members who fail to file and serve timely written objections in compliance with the requirements above and the Settlement Agreement shall be deemed to have waived any objections and shall be foreclosed from making any objections (whether by appeal or otherwise) to the Settlement Agreement.

**Final Approval Hearing**

18. The Final Approval Hearing shall be held before this Court on July 12, 2022, at 10:00 a.m. to determine (a) whether the proposed settlement of the Action on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate and should be given final approval by the Court; (b) whether a judgment and order of dismissal with prejudice should be entered; (c) whether to approve the payment of attorneys' fees and expenses to Class Counsel; and (d) whether to approve the payment of an incentive award to the Class Representative. The Court may adjourn the Final Approval Hearing without further notice to members of the Settlement Class.

19. Class Counsel shall file papers in support of their Fee Award and the Class Representative's incentive award (collectively, the "Fee Petition") with the Court on or before

May 12, 2022. Papers supporting the Fee Award shall be filed with the Court and posted to the Settlement Website. Settlement Class Members may object on their own or may do so through separate counsel at their own expense. Defendant may, but is not required to, file a response to Class Counsel's Fee Petition with the Court on or before May 26, 2022. Class Counsel may file a reply in support of their Fee Petition with the Court on or before June 2, 2022.

20. Plaintiff shall file her papers in support of final approval of the Settlement Agreement, and in response to any objections, with the Court on or before June 2, 2022.

**Further Matters**

21. If the Settlement Agreement fails to become effective, is overturned on appeal, or does not become final for any reason, the parties shall be restored to their respective positions in the Action as of the date of the signing of the Settlement Agreement.

Dated: March 3, 2022

_____
United States District Judge
Franklin U. Valderrama