**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| KANDICE NEALS, individually and on behalf of all others similarly situated, | |
| *Plaintiff*, | No. 19-cv-05660 |
| v. | Judge Franklin U. Valderrama |
| PARTECH, INC., a Delaware corporation, | |
| *Defendant*. | |

**FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE**

This matter coming before the Court on Plaintiff's Motion for and Memorandum in Support of Final Approval of Class Action Settlement, R. 136, between Plaintiff Kandice Neals ("Plaintiff") and Defendant ParTech, Inc., ("Defendant") (Plaintiff and Defendant are collectively referred to as the "Parties"), the terms of which are set forth in the Stipulation of Class Action Settlement (the "Settlement Agreement"), R.136-1, and Plaintiff's Motion and Memorandum of Law for Attorneys' Fees, Expenses, and Incentive Award, R. 134, the Court having been advised of the premises, and having duly considered the papers and arguments of all interested parties, and having held a Final Approval Hearing on July 20, 2022.

IT IS HEREBY ORDERED, DECREED, AND ADJUDGED AS FOLLOWS:

1. Unless defined herein, all capitalized terms in this Order shall have the respective meanings ascribed to the same terms in the Settlement Agreement. R 136-1.

2. This Court has subject-matter jurisdiction over the Action to approve the Settlement Agreement, including all attached exhibits, and personal jurisdiction over all Parties to the Action, including all Settlement Class Members.

3. On March 3, 2022, this Court preliminarily approved the Settlement Agreement, and certified, for settlement purposes, the Settlement Class consisting of: "[a]ll persons who scanned their fingers in the State of Illinois through a scanner attached to a point of sale system ("POS system") issued, leased, or sold by ParTech, Inc., and for whom any alleged biometric data (including without limitation any alleged biometric identifiers or any alleged biometric information) relating to that scan was shared with or stored by Defendant, between March 21, 2014 and March 3, 2022." R. 127 at ¶ 3. Excluded from the Settlement Class are: (1) any Judge or Magistrate presiding over this action and members of their families, (2) Defendant, Defendant's subsidiaries, parent companies, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest, (3) persons who executed Defendant's e-consent or a written release from the person's employer that releases Defendant or the licensor or service provider of the employer's timekeeping software or POS system, before any alleged biometric data relating to the person's finger scan was shared with or stored by Defendant, (4) persons who properly executed and filed a timely request for exclusion from the Settlement Class, and (5) the legal representatives, successors, heirs, or assigns of any such excluded persons. The Court now confirms final certification of the Settlement Class for purposes of entering final judgment.

4. Notice to the Settlement Class has been provided in accordance with the Court's Preliminary Approval Order, and the substance of and dissemination program for the Notice—which included direct notice via U.S. Mail and the creation and publication of the Settlement Website—provided the best practicable notice under the circumstances reaching over 96% of the Settlement Class; was reasonably calculated to apprise the Settlement Class of the pendency of the Action and their rights to object to or exclude themselves from the Settlement Agreement and to appear at the Final Approval Hearing; was reasonable and constituted due, adequate, and sufficient

notice to all persons entitled to receive notice including all necessary information to protect the interests of the Settlement Class; and fulfilled the requirements of the Federal Rules of Civil Procedure, due process including the Due Process Clause of the United States Constitution and the Illinois Constitution, the rules of this Court, and all other legal requirements.

5. The Court finds that the appropriate government officials were properly and timely notified of the Settlement Agreement, pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715. *See* R. 13. As required by CAFA, more than ninety (90) days have elapsed between the date since notice was provided pursuant to CAFA and the Final Approval Hearing.

6. The Settlement Agreement was the result of arm's-length negotiations conducted in good faith by experienced attorneys familiar with the legal and factual issues of this case, was reached with the assistance of the Honorable Stuart E. Palmer (Ret.) of JAMS Chicago who served as the Parties' mediator, and is supported by the Class Representative and Class Counsel. The Class Representative and Class Counsel adequately represented the Settlement Class for purposes of entering into and implementing the Settlement Agreement.

7. The Court has considered each of the factors set forth in Federal Rule of Civil Procedure 23(e)(2), as well as the settlement approval factors set forth by the Seventh Circuit. *See Wong v. Accretive Health, Inc.*, 773 F.3d 859, 863 (7th Cir. 2014). The Court finds that the Settlement Agreement is fair, reasonable, and adequate as to, and in the best interests of, the Settlement Class Members in light of the complexity, expense, and duration of the litigation, the risks involved in establishing liability and damages and in maintaining the class action through trial and appeal, the lack of any objections to the Settlement by the Settlement Class, and the high claims rate. The consideration provided under the Settlement Agreement constitutes fair value

given in exchange for the Released Claims. The Court finds that the consideration to be paid to Settlement Class Members is reasonable, considering the facts and circumstances of the claims and defenses available in the Action and the potential risks and likelihood of success of alternatively pursuing litigation on the merits.

8. The Court further finds that the Parties achieved an excellent Approved Claims rate of 23.86% (*i.e.*, 849 of the 3,558 Settlement Class Members submitted timely, valid Claim Forms that have been approved by the Settlement Administrator) as a result of the Notice program. *See In re Facebook Biometric Info. Priv. Litig.*, 522 F. Supp. 3d at 620, 629, 632 (N.D. Cal. 2021) (describing similar 22% claims rate in BIPA settlement with Facebook as "impressive" and "unprecedented").

9. No Settlement Class Member has objected to any of the terms of the Settlement Agreement, and no members of the Settlement Class have submitted timely requests for exclusion.

10. The Settlement Agreement is hereby finally approved in all respects. The Parties and their counsel are directed to implement and consummate the Settlement Agreement according to its terms and conditions. The Parties and Settlement Class Members are bound by the terms and conditions of the Settlement Agreement.

11. Other than as provided in the Settlement Agreement and this Order, the Parties shall bear their own costs and attorneys' fees.

12. Subject to the terms and conditions of the Settlement Agreement, this Court hereby enters this Final Approval Order and dismisses the Action on the merits and with prejudice.

1.1 Upon the Effective Date of the Settlement Agreement, Plaintiff and each Settlement Class Member and their respective present or past heirs, executors, estates, administrators, assigns and agents, and any other representative of Plaintiff and each Settlement Class Member, and each

of them, shall be deemed to have released, and by operation of this Final Approval Order shall have, fully, finally, and forever released, acquitted, relinquished and completely discharged ParTech, PAR Technology Corporation, and all of their present or former administrators, predecessors, successors, assigns, parents, subsidiaries, acquired companies including Brink Software, Inc., holding companies, investors, sister and affiliated companies, divisions, associates, affiliated and related entities, employers, employees, agents, representatives, consultants, independent contractors, directors, managing directors, officers, partners, principals, members, attorneys, vendors, accountants, fiduciaries, financial and other advisors, investment bankers, insurers, reinsurers, employee benefit plans, underwriters, shareholders, lenders, auditors, investment advisors, and any and all present and former companies, firms, trusts, corporations, officers and directors from any and all past and present claims or causes of action, whether known or unknown (including "Unknown Claims"), arising from or relating to any violation of the Biometric Information Privacy Act, whether brought under federal, state, local, statutory or common law or any other law, including Plaintiff's allegations in the Action regarding Defendant's or Brink Software, Inc.'s collection, possession, or storage of biometric data through the use of a scanner attached to Defendant's POS systems at Defendant's customers' facilities located in the State of Illinois, asserted in this Action or any other proceeding, other than actions brought by a State or federal governmental agency, in which they have been or could be asserted. For the avoidance of doubt, Defendant's customers (specifically, Illinois-based employers that use a finger scanner attached to ParTech's POS system) are not included as Released Parties or covered by this release.

13. Accordingly, the Settlement shall be binding on, and have *res judicata* and preclusive effect in, all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiff and all other Settlement Class Members and Releasing Parties.

14. The Parties may, without further approval from the Court, agree to and adopt such amendments, modifications, and expansions of the Settlement Agreement and its implementing documents (including all exhibits) that (i) shall be consistent in all material respects with this Final Approval Order; and (ii) do not limit the rights of Settlement Class Members.

15. All Settlement Payments to Settlement Class Members pursuant to this Final Approval Order shall be paid from the Escrow Account pursuant to the terms in the Settlement Agreement.

16. The Court awards to Class Counsel $256,228.70 as a fair and reasonable attorneys' fee, which shall include all attorneys' fees and reimbursable expenses associated with the Action. This amount shall be paid from the Escrow Account pursuant to the terms in the Settlement Agreement. In determining the attorneys' fee award, the Court has considered the prevailing market rates for counsel in similar litigation to approximate the terms that Class Counsel and the absent Class Members would have agreed to *ex ante*, had negotiations occurred. *In re Synthroid Mktg. Litig.*, 264 F.3d 712 (7th Cir. 2001). The Court finds that the attorneys' fee award here, which equates to 35% of the Settlement Fund, less the amount paid for notice and the proposed incentive award, is in line with fee awards provided in similar BIPA cases in this District and is reasonable in light of both the substantial risk that Class Counsel took on in accepting the case and the excellent relief Class Counsel ultimately obtained for the Settlement Class.

6

17. The Court awards to the Class Representative an incentive award of $5,000.00 for her time and effort serving the Settlement Class in this Action. This amount shall be paid from the Escrow Account pursuant to the terms in the Settlement Agreement.

18. The Court approves the appointment of Kroll Settlement Administration, LLC as Settlement Administrator and approves the payment of all reasonable Settlement Administration Expenses, which shall be set forth in a final invoice agreeable to counsel for the Parties, to the Settlement Administrator from the Escrow Account pursuant to the terms in the Settlement Agreement.

19. To the extent that any payments made to Settlement Class Members pursuant to the Settlement Agreement are not cashed within ninety (90) days of issuance or an electronic deposit is unable to be processed within ninety (90) days of the first attempt, the total amount of such residual funds shall be paid to Southern Smoke Foundation's Chicago Restaurant Worker Relief Fund as a *cy pres* recipient.

20. Neither this Final Judgement and Order, nor the Settlement Agreement, nor the payment of any consideration in connection with the Settlement shall be construed or used as an admission or concession by or against Defendant or any of the Released Parties of any fault, omission, liability or wrongdoing, or of the validity of any of the Released Claims. This Final Judgment and Order is not a finding of any validity or invalidity of any claims in this Action or a determination or any wrongdoing by Defendant or any of the Released Parties.

**IT IS SO ORDERED**.

Dated: July 20, 2022

_____
United States District Judge
Franklin U. Valderrama